IN THE UNITED STATES DISTRICT COURT of the WESTERN DISTRICT of VIRGINIA:

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

name: MR. GARY WALL

number: 1133749

Place of Confinement: RED ONION STATE PRISON,
Post Office Box 1900, Pound, Virginia 24279-1900

AUG 17 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

dated: August 10th 2017

MR. GARY WALL #1133749
Plaintiff

V.

E. RASNICK; Correctional Officer of R.O.S.P.;
J. HICKS; Correctional Officer of R.O.S.P.; et alii;
E. HESS; Correctional Officer of R.O.S.P.
C. HOLBROOK; Correctional Officer of R.O.S.P.;
T. LARGE; Sergeant of R.O.S.P.;
J. LYALL; Lieutenant of R.O.S.P.;
C. DOCKERY; Correctional Officer of R.O.S.P.;
E. GWINN; Correctional Officer of R.O.S.P.;
A. MULLINS; Correctional Officer of R.O.S.P.;
J. TESTERMAN; Correctional Officer of R.O.S.P.;
M. ADDINGTON; Correctional Officer of R.O.S.P.;
L. BRYANT; Correctional Officer of R.O.S.P.;
C. BISHOP; Correctional Officer of R.O.S.P.;
B. AKERS; Correctional Officer of R.O.S.P.;
S. TAYLOR; Correctional Officer of R.O.S.P.;
L. COLLINS; Lieutenant of R.O.S.P.;
D. STILL; Captain of R.O.S.P.;
J. DEEL; Nurse of R.O.S.P.;
E. BARKSDALE; Warden of R.O.S.P.;
B. HUGES; Lieutenant of W.R.S.P.;
K. McCOY; Lieutenant of W.R.S.P.;
W. CHURCH; Lieutenant of W.R.S.P.;
D. ROSE; Counselor of W.R.S.P.;
C. FRANKS; Inmate Hearings Officer of W.R.S.P.;
W. HENSLEY; Inmate Hearings Officer of W.R.S.P.;
L. FLEMING; Warden of W.R.S.P.;
H. PONTON; Western Regional Administrator;
H. CLARKE; Director of VADOC
defendant(s)

Civil action no. 717CV00385
(to be provided by the Court Clerk)
42 U.S.C. § 1983; COMPLAINT

PRELIMINARY STATEMENT:

This is a civil action, filed by MR. GARY WALL #1133749, a prisoner, for NOMINAL, COMPENSATORY, and PUNITIVE damages under 42 USC § 1983, ~~and injunctive~~, for mental or emotional (Psychological Harm) Significant (Physical) injuries. A declaration and a Preliminary and Permanent injunction, Alleging Violations to established CRUEL and UNUSUAL PUNISHMENT CLAUSE for the use of excessive force, deliberate Indifference, and the continued pervasive and unreasonable risk of Constitutional injury in Violation of the EIGHTH Amendment of the UNITED STATES CONSTITUTION; Violations to established DUE PROCESS CLAUSE, concerning the unconstitutional procedures employed and Conduct during the disciplinary hearings held on : 8/25/15; 8/25/15; ...

(CONTINUED ON NEXT PAGE)

(1)

(Page: one of: 17)

cc: file
42 U.S.C. § 1983; PETITION
Continuation of: PRELIMINARY STATEMENT; from page: one

(CONTINUATION OF: PRELIMINARY STATEMENT; from page: one) and 9/8/15, for Cases # 1503; # 1480; # 1481; # 1483; and # 1495, The Plaintiff's down-grade of his G.C.A. earning Class Level-II, without being provided any form of Procedural Due Process, and the continued use of Segregation Confinement in a Intensive-Management Unit in Violation of the FOURTEENTH Amendment of the UNITED STATES CONSTITUTION; Article I. sections 9; 8; and 11; of the VIRGINIA CONSTITUTION, Virginia Code § 53.1-39; Conspiracy under 42 USC § 1983 ~~federation~~; The Plaintiff also alleges the STATE LAW CLAIMS: Assault (Assault by agent), Abuse of process, Trespass, Negligence, and Wilfull and Wanton Negligence and Violations to Operational Procedures 420.2; SECURITY; 861.1; OFFENDER DISCIPLINE, 830.1; FACILITY CLASSIFICATION MANAGEMENT, and 830.7; TRANSFERS FACILITY REASSIGNMENTS under the Virginia Department of Corrections.

### I. JURISDICTION:

1. This is a civil action authorized by 42 USC § 1983, § 1985, and § 1986, to redress the deprivations under color of State law, of rights secured by the Constitution of the United States. This court has Jurisdiction under 28 USC § 1331, and § 1343 (3)(4). 28 USC § 2283, and § 2284, and RULE 65, of the FEDERAL RULES OF CIVIL PROCEDURE. This court has Supplemental Jurisdiction over plaintiff's STATE LAW CLAIMS under 28 USC § 1367.

2. The Western district, UNITED STATES DISTRICT COURT of VIRGINIA, is an appropriate venue under 28 USC § 1391 (b)(2), because it is where the events given rise to this claim occurred.

### II. PLAINTIFF:

3. Plaintiff, MR. GARY WALL #1193749, is and was at all times mentioned herein a prisoner of the State of Virginia in the custody of the Virginia Department of Corrections. He is currently Confined at RED ONION STATE PRISON, in POUND, VIRGINIA.

### III. DEFENDANTS:

4. Defendants E. RASNICK; J. HICKS; C. HOLBROOK; and E. HESS, are Correctional officers of the Virginia Department of Corrections who, at all times mentioned in the Complaint, were assigned to RED ONION STATE PRISON.

5. Defendants (RESPONDING OFFICERS) J. TESTERMAN; M. ADDINGTON; L. BRYANT; C. BISHOP; S. TAYLOR; and A. MULLINS, are Correctional Officers of the Virginia Department of Corrections who, at all times mentioned in the Complaint, were assigned to RED ONION STATE PRISON.

6. Defendants (ESCORTING OFFICERS) C. DOCKERY; E. GWINN; and R. AKERS, are Correctional Officers of the Virginia Department of Corrections who, at all times mentioned in the Complaint, were assigned to RED ONION STATE PRISON.

7. Defendant T. LARGE, is a Correctional officer of the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the rank of: SERGEANT, and was assigned to RED ONION STATE PRISON.

8. Defendants J. WALL and L. COLLINS, are Correctional officers of the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the rank of: LIEUTENANT, and was assigned to RED ONION STATE PRISON.

(CONTINUED ON NEXT PAGE)

(2)

(Page: Two of: 17)

cc:file
42 USC § 1983; PETITION
Continued form: page: Two

9. Defendant D.STILL, is a Correctional Officer of the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the rank of: CAPTAIN, and was assigned to RED ONION STATE PRISON.

10. Defendant J.DEEL, is a Nurse employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint, was assigned to RED ONION STATE PRISON.

11. Defendant E.BARKSDALE, is the Warden of RED ONION STATE PRISON. He is legally responsible for the policy-making decisions and the over-all operation of RED ONION STATE PRISON, also for the welfare of all offenders of that prison.

12. Defendants B.HUGHES, K.MCCOY, and W.CHURCH, are Correctional officers of the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the rank of: LIEUTENANT, and was assigned to WALLEN'S RIDGE STATE PRISON.

13. Defendant D.ROSE, is employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the position of a COUNSELOR, and was assigned to WALLEN'S RIDGE STATE PRISON.

14. Defendants C.FRANKS, and W.HENSLEY, are employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the position of: INMATE HEARINGS OFFICER, and were assigned to WALLEN'S RIDGE STATE PRISON.

15. Defendant L.FLEMING, is the Warden of WALLEN'S RIDGE STATE PRISON. He is legally responsible for responding to all level-I, disciplinary appeals and the over-all operation of WALLEN'S RIDGE STATE PRISON, also for the welfare of all offenders in that prison.

16. Defendant H.PONTON, is employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the title of: WESTERN REGIONAL ADMINISTRATOR, being legally responsible for responding to all level-II, disciplinary appeals, the Compliance with all policies, and the over-all Operation of prisons located in the Western region of Virginia, including but not limited to WALLEN'S RIDGE STATE PRISON, and RED ONION STATE PRISON.

17. Defendant H.CLARKE, is the Director of the Virginia Department of Corrections who, at all times mentioned in the Complaint, was legally responsible for the over-all Compliance with policies, and the Operation of the Department and each institution under it's jurisdiction, including but not limited to WALLEN'S RIDGE STATE PRISON, and RED ONION STATE PRISON.

18. Each defendant is sued individually and in his (or her) Official Capacity. At all times mentioned in this Complaint, each defendant acted under the Color of State Law.

## IV. FACTS (STATEMENT OF FACTS):

1) On 8/14/15, while housed in population at RED ONION STATE PRISON ("R.O.S.P.") in ALPHA-100 pod, at approximately 4:00 p.m. during in-pod recreation, Booth officer C.HOLBROOK ("HOLBROOK") got my attention by "Hollering and pointing in my direction", Since I could not hear or understand what was being said, I approached the Booth area. (See attached #21, and #30 (a) & (b))

(CONTINUED ON THE NEXT PAGE)

cc: file

42 USC § 1983, PETITION

Continued from: page: Three

2) Once I was directly under officer Holbrook at the Booth, I heard him saying something to the effect of: "ME passing something under the door with him standing right there watching." Since I did NOT pass anything, I immediately ask Officer Holbrook to look on the right side of my cell door at A-106, and turned pointing at the visible "Yellow Top" Jar to correct his mistake (See attached #21, and #30 (a) & (c):

3) At this point, officer E. RASNICK ("RASNICK"), who was on the TOP tier with Officer J. HICKS ("HICKS"), Yells: "SHUT THE FUCK UP AND GET THE FUCK IN YOUR CELL", since my back was to him, I turned to face him and see he's yelling at me, I then replied: "FUCK YOU, I'm TALKING TO HIM," indicating Officer Holbrook in the Booth then turned back around while simultaneously I hear either Officer Rasnick or Hicks orders the pod to LOCK-DOWN. (See attached #21, and #30 (c))

4) As I make my way to my cell to comply with the Directive given to LOCK-DOWN, officer Rasnick becomes enraged and begins screaming: "FUCK YOU", while pointing at me from the TOP tier while I'm walking to my cell, I then respond: "NO, FUCK YOUR MOTHER", he then attempted to run towards the stairs leading to the bottom tier where I was, in a aggitated state but was subdued by Officer Hicks. (See attached #21, and #30 (b) & (c))

5) After retrieving my Shower gear and my '2015 WORLD ALMANIC off the table in front of my cell, I stood in front of my cell door (Cell-106), waiting for it to open but it never does. I then noticed both Officer Rasnick and Hicks were on the Bottom tier, standing in the middle of the pod. (See attached #21, and #30 (b) & (c))

6) Officer Hicks then gave me the directive to: "GO INTO THE VESTIBULE", when I told him Holbrook gave me a directive to lock-in, I was informed by Officer Hicks that he was now giving me the directive to go into the Vestibule. (See attached #21, #27 (a) & (b), and #30 (b) & (c))

7) I then walk over to officer Hicks and ask him was he mad because I cussed back at Officer Rasnick after he cussed me first (whom was standing next to Hicks) because I was complying with the directive to LOCK-Down, Officer Rasnick then mumbled something of: "NEEDING TO DO SOMETHING ABOUT MY MOUTH", in which I ignored and waited for Officer Hicks' reply but instead of answering I was told to keep walking and his directive was punctuated with a hand gesture indicating for me to keep walking, So I took off in the direction of the Vestibule door as directed, approximately five (5) feet ahead of Both Officers. (See attached #21, and #30 (b) & (c))

(EXCESSIVE USE OF FORCE)

8) Once I reached the Vestibule door, I immediately turned around (because the door did not open) and inquired to Officer Hicks about this "UNUSUAL DIRECTIVE", who was standing at the Red-line (approximately four (4) feet away from me) with his radio to his ear, while Officer Rasnick continued to approach me from my left side. Once he was at my left side, he told me to: "SHUT UP"; and simultaneously attacked me by grabbing my left forearm and hitting me on the leftside of my face. (See attached #21, and #30 (b), (c), & (d))

9) I then see officer Hicks charging towards us, Grabbing me and wresling me to the Ground while BOTH officers Punched at my face and Head. I now become aware that this was the intent behind the directive to: "go into the Vestibule", because at no time, did either officer give me any directives (prior to the attack nor during) to present myself to be handcuffed, nor was any attempts being made during this Attack, by either officer to place restraints on me. (See attached #21, and #30 (a) through (d))

(CONTINUED ON NEXT PAGE)

(4)

cc:file
42 USC § 1983; PETITION
Continued from : page: four

10) I was taken to the ground but I ended up "up-side down", flat on my back with officer Rasmick on my rightside, over my head still trying to punch my face area so I immediately rolled my body to my leftside with my hands out to assume the required NON-threatening position on my stomach, with my hands out but collided with officer Hicks. I then immediately rolled back into my rightside, while officer Hicks grabbed thold of my left arm, I slid my right arm under my body to immediately be handcuffed. (See attached #21, and #30 (a) through (d))

11) After I was handcuffed and shackled, while laying in a prostrate position offering NO resistance, I heard the Vestibule door to ALPHA-100 pod, open up and responding officers arrived. One officer, whom I believe (by Voice recognition and information and belief) to have been Sgt. T.LARGE ("LARGE"), immediately ask: "WHO IS THIS", when I heard my name as a response "WALL", I immediately received a burst of O.C. Gas directly into my face, blinding me in both eyes. I was then viciously kicked in the head and then other unknown responding officers repeatedly began punching and kicking me in my head as I lost conscious. (See attached #21, and #30 (a) through (d))

12) When I came too, I felt an intense pain in my left wrist and fingers from an unidentified escorting officer bending and twisting my fingers and wrist in an unnatural angle and being directed to walk, in which I immediately complied. (See attached #21, and #52)

13) While enroute to BRAVO-Building, because I could not see after being Gased, I was repeatedly lead into poles on the recreation yard then doorways of BRAVO-300 pods, entry way by escorting officers. (See attached #21, #34(b), and #52)

14) Once in the Vestibule of BRAVO-1,2,&3 side, I was instructed to stand facing directly in front of the WALL, when I complied, the escorting officers on both sides that were holding my arms, tightened the handcuffs as tight as they could go and began bending both of my hands and fingers in the unnatural angles again to create as much pain as possible to generate a response from me to justify the use of MORE force. When no response was forthcoming, an unidentified officer came behind me and RAMMED my face into the WALL with his hand, causing my nose to split open at the bridge and bleed (possibly cracking the bone) then held my head against the WALL and pushed all his weight against the back of my head to SMASH my face into the WALL. (See attached #21, #32(a), #33, and #34 (a) & (b))

15) Since it's Red Onion State Prisons' custom to have officers assault and use excessive force on Compliant offenders at the conclusion of altercations in this Very Vicious fashion, disregarding the Virginia Department of Corrections established written policies of mitigating a forceful response with the Compliance of (Verbal or Physical) directives for offenders to desist from disruptive behavior or to be restrained, my being Maliciously being attacked, then again AFTER immediately laying on my stomach, face-down, while fully restrained was done simply to cause pain and injuries, Since at no time did any officer report giving me any form of directive that I did not follow nor did I move in a threatening manner towards ANYONE to initiate me Viciously being Gased, and attacked by responding officers while fully restrained causing me to experience extreme bouts of depression, Anxiety attacks and Paranoia, also the permanent damage to my face, left hand and wrist. (See attached #24 (a) through (d))

(CRUEL AND UNUSUAL PUNISHMENT)

16) I was then directly escorted into BRAVO-300 pod, to cell-308, when Lt. L.COLLINS ("COLLINS") commanded that I be placed in four-point restraints. I was then placed on the metal bed with a mattress were all my clothing was forcefully removed and I was given a "SUICIDE SMOCK". During the removal of my clothing at some point, someone placed a "SPIT MASK"...

(CONTINUED ON NEXT PAGE)

Cc: File
42 USC § 1983; PETITION
Continuation of : IV. FACTS (STATEMENT OF FACTS), Paragraph #16, from page: five

(CONTINUATION OF: IV. FACTS (STATEMENT OF FACTS), paragraph #16, from page: five) over my face making it extremely difficult to see or breath with the O.C. Gas fumes still on my face and the limited Oxygene, at this point, I passed out again from the Combination of lack of air and the intense painful force STILL being applied to my left wrist and fingers by the Officer on my leftside, when I offered NO resistance at ALL. (See attached #21, #42(a)&(b), #33, #34 (a)&(b), and #35(a)&(b)) At no time, prior to being placed in four-point restraints, was I ever given the opportunity or afforded to be DECONTAMINATED to remove the burning O.C. Gas from my face and out of my eyes before being Strapped-Down, nor was any of my Visible injuries assessed or my four-point restraints Checked by Medical Staff after being applied in accordance with the 420.2, SECURITY policy governing the use of restraints (See attached #21, #42(b), #34(b), #35(a), and #56)

17) After hearing an UNKNOWN offender housed next door to me in Cell-307, Yelling in my Vent asking: "WAS I ALRIGHT", I regained Conscious. I then ask him to push the emergency button in his Cell and tell the floor Officer (and the Booth Officer) I needed medical attention because I think my left wrist was broken and the O.C. Gas was burning my face. This unknown Offender did so repeatedly along with Someone else (another offender that was up stairs) Called: "HELL RAZOR". Both offenders told the Booth officer of my need for Medical attention along with the floor officer during Several of his rounds but these request were ignored. (See attached #29)

18) At approximately 9:00 pm. After approximately four (4) Consecutive hours in four-point restraints, I was informed I was being removed from restraints and being EMERGENCY TRANSFERED to WALLENS RIDGE STATE PRISON ("W.R.S.P.") "for my Safety", by a LT. ADAMS, when I was removed from the four-point restraints, I immediately noticed my right and left wrist were Swollen but my left one was almost Twice its normal Size and Several of my fingers looked dislocated, when I ask the nurse (who was present and Saw my wrist) to look at my hand to see if it was broken, I was told: "I CANT, I'm just here to check your restraints", or something to that effect. Then I was immediately escorted to "IN-TAKE" were only then was I given an opportunity to FINALLY rinse my eyes and face of the burning O.C. Gas and then I was immediately transfered to W.R.S.P. (See attached #26(c))

(PROCEDURAL DUE PROCESS; Disciplinary hearings)

19) Apon my arrival to W.R.S.P. at approximately 9:00 pm. I was taken to the Medical Department were my injuries were photographed at the request of a Mrs. Stafford and informed of my being scheduled for X-rays of my head and left hand & wrist, do to the Swelling and brusing She Saw (See attached #24 (a),(b), & (c))

20) On 8/14/15, while in Medical, I was Verbally informed by a LT.B. HUGHES ("HUGHES") of my being placed on "SPECIAL HOUSING" Status, a General term used for offenders on Pre-hearing Detention (P.H.D.") pending a 105-A, charge for Aggravated Assault upon a non-offender, but at no time was I ever provided, presented, or asked to make a Statement, Sign, or informed of a NOTICE OF AN I.C.A. Concerning a change in my Status from a population offender to a Special housing in accordance with policy. (See attached #37) being I was EMERGENCY TRANSFERED, Operational Procedure 830.5 IV K #8 (a)(i) through (iii), and Section (b)(iv), was applicable. (See attached #50 page____)

21) On 8/16/14, I was Served Several Institutional Disciplinary Infractions by serving officer LT.C. KING of W.R.S.P., a 229: being in an Unauthorized Area, (Case# ROSP-2015-1487) Scheduled for a 8/24/15, hearing date, a 201: Disobeying a Direct Order, (Case #ROSP-2015-1483) Scheduled for a 8/24/15, hearing date, a 129: Gathering around/approaching any person!...

(CONTINUED ON NEXT PAGE)

cc: File
42 USC § 1983; PETITION
Continuation of: IV. FACTS (STATEMENT OF FACTS), paragraph #21, from page: Six

(CONTINUATION OF: IV. FACTS (STATEMENT OF FACTS), PARAGRAPH #21, from page: Six) in a threatening/intimidating manner, (Case # ROSP-2015-1430) Scheduled for a 8/24/15, hearing date; and a 105-A: Aggravated Assault upon a non-offender, (Case # ROSP-2015-1431), also Scheduled for a 8/24/15, hearing date. All generated by the officer-In-Charge ("O.I.C") at Wallens Ridge State Prison. (See attached # 40(a), #41(a), #42(a), and #43(a)) in Clear Violation of Operational procedure 830.5 IV K #8 (a)(i) through (iii), and Section (b)(iv)(4), (See attached #50, page 12 & 13)

22) During the service of the 105-A charge, I noticed none of the category-I, offenses served indicated an "Investigation or Pre-hearing Detention," Confirming my change in Status from a population offender to being on Special housing, When this was brought to the Serving Officers attention, Lt. C. KING immediately walked over to the "WATCH COMMANDERS OFFICE" and retrieved a "P.H.D." form Completed by the O.I.C. Lt. R. MCCOY of W.R.S.P. pending the disposition of the 105-A Charge I was just Served.

23) That night, Realizing I was newly received at an institution without being Orientated and I knew No one I could or Should Contact for information needed to prepare a defense, I had none of my property (or access to the governing 861.1) and I was Severely injured, I wrote a Regular request-form to the hearings Officer Clearly requesting the assistance of an ADVISOR to help me prepare a defense for the alleged infractions I had received. Since mail had already been picked-up for that day, I saved it until the next days' mail-call on 8/17/15. (See attached #38)

24) On the 17th of August, I was served another 105-A Charge for Aggravated Assault upon a non-offender filed by a Captain D. STILL ("STILL") (Case # ROSP-2015-1503) Scheduled for a 8/25/15, hearing date indicating it had been investigated by Captain D. Still of R.O.S.P. and Pre-hearing Detention was being utilized until the disposition of the hearing (See attached #44(a)) That was Generated by the O.I.C. Lt. W. CHURCH ("CHURCH") of Wallens Ridge State Prison in Clear Violation of 830.5 IV K #8 (a)(i) through (iii), and Section (b)(iv). (See attached #50, page 12 & 13)

25) That night, I wrote another Regular request-form to the hearings Officer Clearly requesting my need for him to review the dispositive evidence of the RAPID-EYE Video footage of the incident in question to confirm my defense to all listed alleged Charges, I was then noted on the 8/16/15, Request form requesting the assistance of an ADVISOR my need for assistance for ALL listed alleged charges generated at W.R.S.P. on 8/16/15, and 8/17/15, and mailed BOTH forms out in the institutional mail that night (See attached #39)

26) On or about 8/18/15, my Regular request-form dated: 8/17, was responded to by Inmate hearings Officer W.R. HENSLEY ("HENSLEY") indicating that: "I MUST CONVINCE HIM DURING THE HEARING TO REVIEW THE VIDEO", and my other Regular request-form dated: 8/16, was answered, "I RECEIVED AN ADVISOR DURING THE SERVICE OF THE CHARGE(S)", (a LT.C. KING on 8/16, and a Sgt. D. Smith on 8/17) disregarding my request for assistance (See attached #38, and #39)

27) On 8/24/15, Prior to the Scheduled hearing for the other charges received on 8/16/15, (i.e. Case #1425, for a 229, and Case #1483, for a 201) I was Verbally informed the 105-A, Case #1431, and the 129: Case #1430, were being postponed and was provided Such (written) notification in accordance with policy on 8/28/15, rescheduling these hearings for 9/2/15. (See attached #42(q), and #43(f))

(CONTINUED ON NEXT PAGE)

(Page: Seven of: 19)

(7)

cc: file
42 USC §1985; PETITION
Continued from: page: Seven

28) During the hearing for Case #1485, Conducted by Inmate Hearings Officer C. FRANKS ("FRANKS") of W.R.S.P., I immediately addressed the issue of not being provided access to 861.1; and the charge being wrote, Generated, and heard by W.R.S.P., a tactic employed from the revised 861.1, effective on 2/16/16. [See attached #45(a)&(b)] I also requested for the hearing Officer to review Video footage of Pod recreation at approximately 11:30 a.m. on 8/14/15, in ALPHA-100 pod to Confirm R.O.S.P. does not write this Charge when offenders place items in front of their own Cell, across the Red-line because offenders Assigned Cell is NOT an Unauthorized area to Confirm my defense to these allegations but I was denied review of this evidence and found Guilty and received a punishment of a: $5.00, fine imposed. (See attached #40 (a) through (q))

29) During the hearing for Case #1483, which also was conducted by Inmate Hearings Officer C. FRANKS of W.R.S.P., I repeatedly request for the hearings Officer to review the RAPID-EYE Security Video footage of pod recreation at approximately 4:00 pm on 8/14/15, of ALPHA-100 pod to Confirm my defense I "DID" go to my Cell as directed when I "HEARD" and "UNDERSTOOD" the directive given but was given another Directive (which can Clearly be seen on the Video) by C/O J.HICKS to: "Go into the Vestibule," while I was standing in front of my Cell door waiting for it to open to Confirm my defense to this allegation (See attached #30 (b)&(c)) but this exculpatory evidence was denied and I was found Guilty and received a Punishment of: 15 days Disciplinary Segregation Confinement (See attached #41(a) through (f))

30) On 8/25/15, the day of my hearing for Case #1503, which was also Conducted by Inmate Hearings Officer FRANKS of W.R.S.P., Since this Charge was alleged to have been Investigated by Captain D. STILL ("STILL"), who reported reviewing the Video footage of the incident in question and testified to seeing me on Camera "Repeatedly punching C/O RASNICK, resulting in injuries," in his Disciplinary Offense Report's Discription of Offense but the requested Documentary evidence of Officer Rasnick's written Statement during this investigation and the Review of this Rapid-Eye Video footage of the incident in question by the hearings Officer were ALL denied and a Guilty decision was rendered Based on the reporting Officers testimony, in which I received a punishment of: 90 Days of Loss accumulated Good-time Credits earned. * R.O80.-2015-1485, hearing tape was up-loaded on CORIS (See attached #44 (a) through (f))

31) On 9/2/15, the Day of the Disciplinary hearings for Cases #1481, and #1480, I was informed again and provided another written NOTICE OF POSTPONEMENT form, rescheduling BOTH hearings for 9/3/15, (See attached #42(b), and #43(a))

32) Concerned about my Due process right detailed in Operational procedure 861.1 IX-G #3 (b &c), (See attached #51, page ___) governing Offender Discipline Coinciding with Established Virginia Department of Corrections policy 830.5, Governing Emergency Transfers (See attached #50, page 12 & 13) and the information I was told during the Service of Case #1481, when I was showed a PHD form was being utilized for Case #1481, on 8/16/15, I referred to my initial I.C.A. notification form upon my arrival to W.R.S.P. which Clearly Confirmed I was placed in SPECIAL HOUSING, a general term for... "General Detention and Pre-hearing Detention" on 8/14/15, and NOT an an investigative Status as alleged (See attached #37) So I took this DOC-11 G form with me to the Disciplinary hearing (for Case #1481) as evidence and Showed it to the hearings Officer to Confirm I was on PHD, and this hearing Should have been Conducted within 15 Days in accordance with policy, but this information and issue raised was disregarded and ignored.

(CONTINUED ON NEXT PAGE)

Cc:file
42 usc §1983, PETITION
Continued from: page: eight

33) On 9/3/15, Prior to the start of my hearing for Cases #1430, and #1431, I was once again provided with BOTH sets of Request for Documentary Evidence forms concerning Both Cases informing me my requested information was NOT being obtained because it was "Restricted for Security reasons such as Video and audio recording", and "Information is NOT written Documentation". (See attached #41(d)&(f), and #42 (c)&(d)) At the start of the Disciplinary hearing for Case #1430, then againe at the start of Case #1431, I was told Documentary Evidence was not the correct method used to Request review of Video footage, but he never mentioned the Request form Submitted on 8/17/15, also requesting such review (See attached #39)

34) During Both hearings for Case #1431, and #1430, Both Conducted by Inmate hearings officer W. HENSLEY ("HENSLEY") of W.R.S.P. on Several occasions in an attempt to meet his standard of "Convincing Him" of the need of reviewing the RAPID-EYE Video footage of the incident in question, I pointed out Several critical Material facts in Both testimonies given that Conflicted and could have only been resolved by reviewing this requested evidence, Such as my testimony of: "Reaching the Vestibule door first, because I was about four (4) feet ahead of Both Officers, and immediately turned around to question Officer Hicks (who was still about four (4) feet away from me at the Red-line) about his unusual Directive to go into the Vestibule, and officer Hicks clearly being the ASSISTING Officer because officer Rasnick initiated the Physical altercation by assaulting me at the Vestibule door" Versus the Reporting officers testimony of: "I was told to get against the Wall to be restrained, I Complied and when he (officer Hicks) began to handcuff me, I turned around swinging a punch that missed, causing this altercation to errupt", distinctive actions that Could ONLY have been Supported or Refuted by reviewing this dispositive evidence requested. (See attached #30(b),(c), and (d), #27(a)&(b), #42 (a),(i), and (j), and #43 (a),(h), and (i))

35) Both Disciplinary hearings for Cases #1431, and #1430, ended in a finding of Guilt resulting in Disciplinary Sanctions of: In Case #1430; Thirty (30) days of Disciplinary Segregation, and in Case #1430; 138 days of loss accumulated Good-time Credits Earned (See attached #42 (a) through (j), #43 (a) through (j), and #53(a))

36) On or about 9/8/15, I Submitted my Level-I, appeals to Cases #1433; #1435; and #1503, to the Warden of W.R.S.P. L.FLEMING ("FLEMING") raising Procedural DUE PROCESS Violations to sections IX G #3 (b&c); XI C #7 & D #3; XI A #1 &#2; X B #4 (2&3); and IX F #5, of the established written Operational Procedure 861.1, (dated: 9/1/11) Governing Offender Disciplinary procedures in the Virginia Department of Corrections. (See attached #15(a), #16(a), and #19(a))

37) On or about 9/14/15, I Submitted my Level-I, appeals to Cases #1430, and #1431, to the Warden of W.R.S.P. L.Fleming raising Procedural DUE PROCESS Violations to Sections XII #2, XI C #7 & D #3; XI A #1 &#2; X B #4 (2&3); and IX F #5, of the established written Operational Procedure 861.1, (dated: 9/1/11) Governing Offender Discipline in the Virginia Department of Corrections. (See attached #17(a), and #18(a))

38) On or about 9/21/15, I received Three (3) Level-I, MEMORANDUM APPEALS RESPONSE packages for Case #1433; #1435; and #1503, from the Warden of W.R.S.P. indicating none of the Violations raised by Plaintiff were in Violation of any of the sections in the Operating Procedure governing Offender Discipline, disregarding the fact the Charges Occurred at R.O.S.P., were Generated and heard by W.R.S.P. personnel in Clear Violation of ANY Virginia Department of Corrections policy in itself, and the Inmate hearings Officer discretional denial of Plaintiff's repeated (Verbal) request to review the exculpatory evidence of the available RAPID-EYE Video footage was not based on doing So would impair institutional Concerns, it was not relevant (evidence), nor it wasn't necessary to do So, or any other penological interest In Violation of XI C #7 & D #3, raised. . . .

(CONTINUED ON NEXT PAGE)

cc: file
42 U.S.C. § 1983, PETITION
Continuation from: IV. FACT (STATEMENT OF FACTS), paragraph #38, from page: nine

(CONTINUATION OF: IV. FACT (STATEMENT OF FACTS), paragraph #38, from page: nine) Also, my request for an ADVISOR (dated: 8/16/15) was mailed on the 17th, and received by the I.H.O. on the 18th, THEREFORE the ADVISOR provided during the Service of the Charge on the 16th, Could NOT have been provided AFTER my request was made in accordance with 861.1, XI A #1 & #2, also XI G #3 (b & c). UP-HOLDING the penalty of a: #5.00 fine for Case #1485, and the penalty of: 15 days of Disciplinary Segregation for Case #1483 (See attached #15(6), and #16(b)) Since offenders Can not appeal Catagory II, offenses this was the last level of appeal for these charges. (See attached #51, page 32)

38) On or about 9/29/15, I received the other Two (2) Level-I, MEMORANDUM APPEAL RESPONSE packages for Case #1481, and #1480, from the Warden of W.R.S.P. indicating none of the Violations raised by Plaintiff were in Violation of any of the sections in Operational Procedural 861.1, governing Offender Discipline. Disregarding the fact these charges occurred at R.O.S.P., were generated and were Heard by W.R.S.P. personnel in Violation of Any Virginia Department of Corrections policy in itself and the Inmate Hearings Officer discretional denial of Plaintiff's repeated (Verbal) request to review the exculpatory evidence of available RAPID-EYE video footage was not based on doing So would impair institutional Concerns, it was not relevant, nor was it unnecessary to do So, or any other penological interest In Violation of: XI G #7 & D #3, also my request for an ADVISOR (dated: 8/16) was mailed on the 17th, and received by the I.H.O. on the 19th, THEREFORE the ADVISOR provided during the Service of the charges on 8/16/15, Could not have been provided AFTER my request was made In Violation of: XI A #1 & #2. (See attached #17(b), and #18(b))

39) On 9/21/15, I immediately appealed Case #1503, to the Second level of appeal to the Regional Administrator H. PONTON ("PONTON") Since Plaintiff never received any form of response In the time-frame provided under 861.1, concerning this appeal, On 12/13/15, I wrote a letter to the Regional Administrator inquiring about the disposition of this Case (See attached #19(a)) On 1/7/16, I mysteriously received the Level-II, Vague response indicating it was provided on 12/9/15, (See attached #19(c)), but review of the POSTMARK on the envelope Clearly shows it was mailed on 12/31/15, way past the time-frame prescribed for a response in accordance with 861.1 XXI D, (See attached # (a) & (b), and #51, page ) indicating this Vague response letter was Simply BACKDATED.

40) On 9/29/15, I immediately appealed the final Two (2) Catagory I, Charges Case #1480, and #1481, to the Second level of appeals to the Regional Administrator Ponton readdressing the Same Violations raised in the Level-I, appeal. (See attached #17(a), and #18(a)) In which, On 11/9/15, I received BOTH Level-II, appeal responses indicating his deliberate indifference to my Violations raised by Simply reiterating the Level-I's, findings UP-HOLDING the Guilty decisions for BOTH charges and punishments of: Thirty (30) days Disciplinary Segregation for Case #1480, (See attached #17(c) and 180 Days loss of accumulated Good-time Credits Earned, Changing Plaintiff's release date. (See attached #19(c), and #53 (a) & (b))

41) The Exhaustion of BOTH levels of appeal the available Disciplinary appeals procedure for ALL Charges mentioned in this civil action was appealed to it's finality. (See attached # )

42) Since Cases #1503, and #1481, resulted in the loss of accumulated Good-time Credit Earned, as a matter of Law governing this issue, On 1/14/16, I proceeded with the necessary STATE exhaustion requirement of filing a § 8.01-654 (A)(1), HABEAS CORPUS in the SUPREME COURT of VIRGINIA (Garywall v. Earl Barksdale, Record no. 160145) that was DENIED (See attached # ) On 11/15/16, I filed a FEDERAL HABEAS CORPUS § 2254, In the WESTERN DISTRICT of VIRGINIA; Case no. 7:16-cv-00566;
(CONTINUED ON NEXT PAGE)

cc: file

42 USC § 1983; PETITION

Continuation of: IV. FACT (STATEMENT OF FACTS), paragraph #43, from page: Ten

(CONTINUATION OF: IV. FACT (STATEMENT OF FACTS), PARAGRAPH #43, from PAGE: TEN) Based on "newly-reliable evidence" and "actual innocence" that was GRANTED on   /  /17, over-turning the #1503, and #1481, convictions that resulted in the loss of a total of: 270 Days earned Good-time Credits (See attached #53(a)) making these 14th Amendment Violations in BOTH Disciplinary Hearings ripe for this Court.

44) On or about 11/13/15, As a result of the unconstitutional Disciplinary Hearings Conducted for Cases #1503, #1481, #1480, #1483, and #1485, Plaintiff's Security Level-5, was increased to a Security-Level "S", and he was transfered to RED ONION STATE PRISON and placed on an Intensive Management (I.M-0) Status for being convicted of Cases #1503, and #1481, in accordance with the 9/1/15, I.C.A.'s recommendation. (See attached #47(a) & (b)) Subjecting Plaintiff to "Significant and Atypical Hardships" Only experianced at R.O.S.P. (Security Level-S) that differs from any other Administrative-Segregation Unit in the State of Virginia's Department of Corrections with the use of anal examinations everytime offenders exit there Cells for any reason; Meaningful (90 Day) Periodic Hearings; Unfavorable Parole Considerations; Denial of Security Level Reduction reviews (for consideration for transfers to Lower Level institutions); and the Duration of Confinement. (See attached #J4 (a) through (  ))

(PROCEDURAL DUE PROCESS; removal from G.C.A. Class level-II)

45) During the I.C.A. Hearing Concerning Plaintiff's Security Level increase from a Security Level-5, to a Security Level-"S", conducted by an Unknown Lt. and Counselor D. ROSE ("ROSE") on 9/1/15, this I.C.A. NOTICE OF A HEARING form was used and indicated Plaintiff's earned G.C.A. Level-II, class was being Down-Graded to a G.C.A. Level-IV, class without any form of prior notice being Given of a G.C.A. Class Level reduction I.C.A. Hearing being Scheduled (See attached #53(b)).

46) Since Plaintiff, at no time, received any form of notice of a I.C.A. Hearing to Down-grade his G.C.A. Class Level-II, to a class level-IV, and never received a formal I.C.A. hearing Concerning this class change, in Violation of Operational Procedure 830.1 IV A #2 (ii) (b) (See attached #48, page 2 & 3) The first time plaintiff became aware of his change in G.C.A. Level Class occurred when he received the NOTICE OF AN I.C.A. HEARING form for the Security Level increase hearing which also came with an inaccurate Evaluation Sheet, indicating I ONLY had scored 0 points for the 2015 year period. (See attached #53(b), #47(a), and #46(a))

47) Since Plaintiff's removal of his G.C.A Class level-II, was not conducted during his Annual Review per Operational Procedure 830.1 III, (See attached #48(a) page 1) Procedural DUE PROCESS of receiving prior notice of a I.C.A. Hearing and a FORMAL I.C.A. Hearing should have been afforded in accordance with the 14th Amendment of the UNITED STATES CONSTITUTION Since the change in his G.C.A. class level Status was intended as a punishment for the changes received and because this removal was done BEFORE Plaintiff's 9/4/15, Scheduled Annual Review period (See attached #46(b))

(PROCEDURAL DUE PROCESS; Continued use of Segregation Confinement)

48) On 8/14/15, upon my arriving to W.R.S.P., while housed in the Medical Unit, I was verbally informed of my status change from a population offender to a Segregation status by LT. B. HUGHES ("HUGHES") but at no time, prior to my EMERGENCE TRANSFER to W.R.S.P., nor upon my arrival, was I ever presented or ask to make...   (CONTINUED ON NEXT PAGE)

cc:file
42 USC §1983, PETITION
Continuation of: IV. FACT (STATEMENT OF FACTS), paragraph #48, from page: eleven

(CONTINUATION OF: IV. FACT (STATEMENT OF FACT), Paragraph #48, from page: eleven) a Statement, Sign any thing, or informed of any type of NOTICE OF AN I.C.A. HEARING in accordance with Operational Procedure 830.1 IV B #1(a) through (c), to change my Status to a "DETENTION" Status. (See attached #37, and #48, page _____)

49) On or about 8/24/15, I received a DOC-11 G form indicating my population Status was changed and I was given written notice of this change but at no time was I provided notice or a FORMAL I.C.A. hearing within 72 hours, I realized this was done also without any type of facility Units final approval also in Violation of Operational Procedure 861.3 VI A #2, and VII A #2, concerning this issue. (See attached #37, and #49, pages 9 & 10)

50) On 8/24/15, Prior to the Start of Disciplinary Hearings for Cases #1483, and #1485, after I was informed of a postponement of Cases #1480, and #1481, My ADVISOR D.ROSE ("ROSE") presented me with a I.C.A. NOTICE OF HEARING form for a Security level increase from a level-5, to a Security level-8, placement. When I pointed out I haven't even been to a hearing or found Guilty of any change yet, I received a Vague response. Remembering the fabricated information recorded on the DOC-11 G form I received on 8/24/15, I ask to Sign this NOTICE, I also checked-off I would like to be present at this hearing to assure it was being Conducted in accordance with Governing Operational Procedures. (See attached #47(a))

51) On 8/27/15, after being moved from the Medical Unit on the 26th, while in DELTA-102, a formal I.C.A. hearing was Conducted Concerning a Security level increase ONLY, but when I received a Copy of this DOC-11 G form later, I noticed the Counselor ROSE Simply wrote on the form HIS* recommendations. (See attached #47(1)) At no time, (within the five (5) days prescribed) was I given any of the "final" I.C.A.'s recommendations, Signed and approved by any facility Unit Head in accordance with Operational Procedure 830.1 IV A #2 (b)(ii), and III B #1 (b)&(i), to appeal this recommendation. (See attached #48, page 2&3) and #44, page 5)

52) Realizing at no time Since my arrival to W.A.S.P., was I EVER provided a formal I.C.A. hearing concerning my assignment to Segregation Status, Removal from Pre-hearing Detention Status, or Copies of these hearings Disposition (to appeal) indicating the reason for the action approved by an appropriate Administrative personnel in Clear Violation of Operational Procedures 830.1 IV B #1 (b)(h) and (i), and 861.3 V A & B #1 & #2, Governing Due process, on 9/3/15, I wrote an Informal Complaint #02931, addressing these Violations. (See attached #11(a))

53) On or about 8/28/15, I received another Copy of the initial DOC-11 G form, allegedly done on 8/14/15, indicating by an "UNIDENTIFIED PERSON", on 8/18/15, I was: "Referred to Seg. per Comm." (See attached #37)

54) On 9/20/15, After not receiving a written response to my Informal Complaint #02931, in accordance with Operational procedure 866.1, I attached the Informal Receipt to a Regular Grievance for process in accordance with policy. (See attached #12(a))

55) On or about 9/21/15, I received my Regular Grievance back UNPROCESSED, indicating I had made a "Request for Service" by the Grievance Coordinator. Knowing this was incorrect, I Submitted an appeal to the Regional Administrator Concerning this Grievance. (See attached #12(a) backside, and (c))

56) While waiting for a response to my Regular Grievance Concerning Informal Complaint #02931, I received a DOC-11 H form indicating a FORMAL I.C.A. hearing was Conducted on 8/28/15, (and I was present) by Unit Manager D.COLLINS ("COLLINS") and that this recommendation was approved by himself, (See attached #55) and Since I KNOW no formal I.C.A. hearing ...

(CONTINUED ON NEXT PAGE)

cc: file
42 USC §1983; PETITION
Continuation of: II. FACT (STATEMENT OF FACTS), paragraph #56, from page: Twelve

(CONTINUATION OF: II. FACT (STATEMENT OF FACTS), paragraph #56, from page: Twelve) was Conducted on 8/28/15 by ANYONE, and I never received any form of NOTICE for this Hearing (Concerning the Removal from P.H.D. Status) I knew this report was fradulantly generated to discredit my Informal Complaint #01293. * PLEASE NOTE: Review of this report states D.COLLINS conducted the I.C.A. hearing then approved his own recommendation, a Clear Violation in itself of Operating Procedure 830.1 IV C#2(a). (See Attached #4B, page 9)

57) On or about 9/29/15, I received the Regional Administrators "IN-TAKE," appeal response UP-HOLDING the Grievance Coordinators reasoning for not processing my Grievance and was informed to re-submit, but when I did resubmit it, at no time did I receive a response Back leading me to believe my Grievance was "TRASHED", Since on or about the same time I resubmitted my Grievance for process, I also Sent a letter to the INSPECTOR GENERALS OFFICE, institutional BULK mail in accordance with Operational Procedure 802.3, that was NOT mailed indicating my mail was being tampered with and Monitored, denying me access to the available Grievance process for exhaustion. (See attached #12 (a) through (c))

( CONSPIRACY; §1983 ~~verified~~ )

58) On or about 8/14/15, Defendants E.RASNICK, J.HICKS, and T.LARGE, also E.HESS ("HESS"), fabricated Internal Incident Reports ("I.I.R."), and on 8/17/15, Captain D.STILL ("STILL"), did Conspire to deprive plaintiff of "equal privileges and immunities under the law", by fabricating what actually happened during the 8/14/15, incident in question to ~~deceive~~ disguise the officer's assault and use of excessive force was caused by Plaintiff's assaulting an Officer to cover up Defendants E.Rasnick, and J.Hicks assault on Plaintiff and T.Large's use of excessive force (use of O.C. Gas on plaintiff) 8th Amendment Violations. When infact none of the available evidence (the Video footage) Supported either T.Large's I.I.R. report (See attached #___) or Captain Still's investigation Conclusion (written or Verbal Disciplinary Testimony in Case #1503), or either officers written I.I.R. reports (See attached #27 (a)&(b), and #28 (a)) to deprive plaintiff of being free of assault or excessive use of force by Staff. (See attached #44 (a), and #30 (a) through (4)); and the fabricated I.I.R. reports of "Continued Disruptive behavior" by Defendants LT.C.COLLINS, B.AKERS ("AKERS"), and S.TAYLOR ("TAYLOR") to justify the Continued use of "Physical" force and use of four-point restraints, did Constitute a Conspiracy to deprive plaintiff of "equal privileges and immunities under the law." (See attached #32 (a), #33, and #34 (a))

59) On or about 8/14/15, Officer L.Bryant ("BRYANT"); C.Bishop ("BISHOP"); M.Addington ("ADDINGTON"); and J.Testerman ("TESTERMAN"), after being Gased and Physically attacked by Several responding Officers, and escorting Officers while fully restrained in handcuffs and Shackles, Compliant and offering NO resistance to warrant this use of force and Plaintiff being Subjected to four-point restraints based on Lt.C.Collins, B.AKERS, and S.Taylors' fabricated allegations (of making threats to Harm Staff) had Knowledge a Conspiracy was about to be Committed to deprive Plaintiff of "equal privileges and immunities under the law," to be free of assault by Staff and the use of excessive force during the 8/14/15, incident and did nothing to prevent (or report) the fabrication of what happened. (See attached #31 (a)&(b), #32, #33, #34, and #35)

(A) On or about 8/17/15, I Submitted a Regular Request form to the Grievance Coordinator of W.R.S.P. because I was being denied requested Informal Complaints from Supervisors while housed in Medical. (See attached #1)

(CONTINUED ON NEXT PAGE)

(13)

(Page: Thirteen of: 17)

Cc:file
42 USC §1983; PETITION

Continuation of: IV. FACT (STATEMENT OF FACTS), paragraph #60, from page: Thirteen

(CONTINUATION OF: IV. FACT (STATEMENT OF FACT), Paragraph #60, from page: Thirteen) On 8/30/15, after attempting to address my issue of the use of excessive force on 8/14/15, at W.R.S.P. I was informed to address my issue with R.O.S.P. (See attached #2) THEREFORE, on or about 9/2/15, I submitted an Informal Complaint #01297, concerning being assaulted by C/o E.Rasnick, and J. Hicks then being maliciously attacked by responding Officers while Compliant, fully restrained in handcuffs and shackles, laying on my Stomach in a Submissive, non-Threatening position in accordance with policy. That was responded too on or about 9/21/15. (See attached #3 (a)&(b)) On or about 9/21/15, I wrote a Regular Grievance that was denied "IN-TAKE", by R.O.S.P.'s Grievance Department that was immediately appealed to the Regional Administrator. (See attached #4(a),(b), and (c)) After not receiving a response to my Level-II, in-take appeal, on 10/23/15, I wrote a letter inquiring about this, and several other Grievances appealed to the Second Level. (See attached #34(a)) On or about 10/20/15, I received a Grievance receipt (#00428) indicating my Grievance was being processed and I would receive a response by 11/89/15. (See attached #5(b)) After receiving the ignorant response to my Grievance, indicating Something to the effect of: "My assault on Staff necessitated the use of force AFTER I was fully restrained," from the Level-I, respondant(s) J.FANNIN and E.BARKSDALE, way past the 30 days provided for a response in accordance with Operating Procedure 8.de.†IV.D #1 through #6, On 12/47/15, I submitted a Level-II, appeal to the Regional Administrator's Office, Once again, after the 20 Day time-frame for a level-II, response expired, On or about 2/9/16, I wrote a NOTARIZED LETTER to the Regional Administrator's Office requesting to Know "WHY", several of my Grievances' were being ignored and I was informed, on or about 2/29/16, That: "I was Spoke to on 2/10/16," concerning my Grievance #00428, but to this day, I have yet to receive a written response (nor my Grievance & Complaint #01297, BACK) to this issue. (See attached #5 (c) through (f))
On or about 4/26/16, I wrote Grievance Coordinator J. MESSER of R.O.S.P. concerning receiving a Copy of the #00428, level-II, response that's on file but was never provided a response nor received the information requested. (See attached #6)

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

19. The Plaintiff has exhausted his Administrative remedies with respect to ALL CLAIMS and all defendants.

## VI. CLAIMS FOR RELIEF:

20. Plaintiff reallege and incorporate by reference in Section IV. FACT (STATEMENT OF FACTS), paragraphs #1, through #60.

CLAIM-I: EXCESSIVE FORCE; The actions of defendants E.RASNICK; J. HICKS; J.LYALL; and T.LARGE, of using Physical force against the Plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and Sadistically and Constituted Cruel and Unusual Punishment in Violation of the EIGHTH AMENDMENT of UNITED STATES CONSTITUTION, as Stated in paragraphs #1 through #10, and #60, in Section IV. FACT (STATEMENT OF FACTS).

CLAIM-II: EXCESSIVE USE OF FORCE; The actions of defendants J.LYALL; T.LARGE; B.AKERS; L.COLLINS; S.TAYLOR; C.BISHOP; J.TESTERMAN; M.ADDINGTON; C.DOCKERY; E.GWINN; and A.MULLINS, in using unreasonable Physical force en route to BRAVO-Building, while in the Vestibule of Bravo-buildings 1, 2, & 3 Sides and the use of a Chemical agent (O.C.Gas) against the Plaintiff while fully restrained, without need or provocation, or failing to intervene to prevent the misuse of force, were done maliciously and Sadistically and Constituted Cruel and Unusual Punishment in Violation of the EIGHTH . . .

(CONTINUED ON NEXT PAGE)

cc: file

42 USC § 1983; PETITION

Continuation of: VI. CLAIMS FOR RELIEF: CLAIM-II; paragraph: CLAIM-II; from page: fourteen

(CONTINUATION OF: VI. CLAIMS FOR RELIEF, paragraph: CLAIM-II; from page: fourteen) AMENDMENT of the UNITED STATES CONSTITUTION, as stated in paragraphs #11 through #16, and #60, in IV. FACT (STATEMENT OF FACTS).

CLAIM-III: CRUEL AND UNUSUAL PUNISHMENT/DELIBERATE INDIFFERENCE: The actions of defendants L.COLLINS; C. BISHOP; B.AKERS; S.TAYLOR; J.DEEL; and E.BARKSDALE, in Subjecting Plaintiff to four-point-restraints for approximately four (4) hours without being Decontaminated after being Gased with O.C. Spray or injuries being assessed, or the restraints being Checked by a nurse after being placed in four-point restraints were done Maliciously and Sadistically. Defendants L.FLEMING; E.BARKSDALE; H.PONTON; and H.CLARKE, "Knew or should have known," of the pervasive and unreasonable Constitutional injuries being practiced at RED ONION STATE PRISON and WALLENS RIDGE STATE PRISON because Grievance(s) and Disciplinary appeals were appealed to finality in Complete Specifics and UP-HELD the UNFOUNDED decisions, failing to remedie Plaintiff's Constitutional injuries did Constitute Cruel and Unusual Punishment and deliberate indifference in Violation of the EIGHTH AMENDMENT of the UNITED STATES CONSTITUTION, as Stated in paragraphs #16 through #18, #21 through #42, and #60, in IV. FACT (STATEMENT OF FACTS)

CLAIM-IV: DUE PROCESS (disciplinary hearings): The actions of defendants C.FRANKS; W.HENSLEY; L.FLEMING; and H.PONTON, in denying Plaintiff's request for the available exculpatory evidence be reviewed by the Inmate Hearings Officer during Cases #1503; #1481; #1480; #1483; and #1485, also the denial of Plaintiff's request for an ADVISOR upon request and an Impartial fact-finder Constituted PROCEDURAL DUE PROCESS resulting in Violations to Constitutionally protected rights before having monies (property) taken under the "TAKEN CLAUSE", denial of Plaintiff's liberty during a total of: 45 days in disciplinary Segregation, and the "Significant and Atypical Hardships" experienced by the Plaintiff an Intensive-Management at a Security Level-S", without being afforded Procedural Due process during these Disciplinary hearings in Violation of the FOURTEENTH AMENDMENT of the UNITED STATES CONSTITUTION, as Stated in paragraphs #19 through #44, in IV. FACT (STATEMENT OF FACTS).

CLAIM-V: DUE PROCESS (down-grade in G.C.A. Class level-II): The inactions of defendants D.ROSE; and D.COLLINS, of providing plaintiff with procedural Due Process of NOTICE of an I.C.A. hearing, and a FORMAL I.C.A. hearing provided in Operational Procedure 830.1 IV. A & B #1(6), and 830.1 IV. A #8 and #9, governing this issue before down-grading Plaintiff's G.C.A. class level-II, to a G.C.A. Class level-III, Constituted a DUE PROCESS Violation under the FOURTEENTH AMENDMENT of the UNITED STATES CONSTITUTION, as Stated in paragraphs #45, through #47, in IV. FACT (STATEMENT OF FACTS)

CLAIM-VI: DUE PROCESS (Continued Segregation Confinement): The actions of defendants B.HUGHES, and D.ROSE, of Subjecting Plaintiff to Segregation Confinement (after being assigned Population Status) without a formal I.C.A. Hearing within 72 hours upon my arrival to W.R.S.P. and defendant D.COLLINS in actions of providing Plaintiff NOTICE of an I.C.A. hearing (to remove from P.H.D. Status and assignment to Segregation) in accordance with Operational Procedures governing this issue did Constitute a DUE PROCESS Violation under the FOURTEENTH AMENDMENT of the UNITED STATES CONSTITUTION, as Stated in paragraphs #48 through #57, in IV. FACT (STATEMENT OF FACTS)

CLAIM-VII: CONSPIRACY: The actions of ALL NAMED DEFENDANTS, in Subjecting Plaintiff to the use of excessive force under the disguise of Plaintiff assaulting Two (2) Correctional Officers, the failing to report or intervene to prevent the misuse of force, and the denial of Plaintiff's Procedural Due Process rights Constituted Conspiracy under 42 USC § 1983 ... 

(CONTINUED ON NEXT PAGE)

(15)

(Page: fifteen of: 17)

cc: File
42 USC § 1983; PETITION
Continuation of: VI. CLAIMS FOR RELIEF, paragraph CLAIM-VII, from page: fifteen

(CONTINUATION OF: VI. CLAIMS FOR RELIEF, paragraph CLAIM-VII, from page: fifteen) under federal Law, as Stated in paragraphs #1 through #60, in IV. FACT (STATEMENT OF FACTS)

CLAIM-VIII: STATE LAW CLAIMS: ASSAULT (Assault by Agent): The actions of defendants E.RASNICK; J.HICKS; T.LARGE; J.WALL; L.COLLINS; S.TAYLOR; B.AKERS; C.BISHOP; C.DICKERY; and E.GWINN, employees of the Virginia Department of Corrections, agents thereof, did assault plaintiff, MR.GARY WALL #1135749, while in a prostrate position absent imminent threat of danger to an Officer or another Offender while in ALPHA-100 pod, fully restrained, en route to BRAVO-Building, while in BRAVO-Buildings 1,2,&3 sides Vestibule, and while being placed in four-point restraints in Cell-308, causing Significant (Personal) injuries to his face, body, and left wrist and hand also causing mental or emotional (Psychological Harm) injury.

CLAIM-IX: STATE LAW CLAIMS: Abuse of Process: The actions of defendants K.MCCOY and W.CHURCH, employees of the Virginia Department of Corrections, agents thereof, did abuse the process of Generating Disciplinary Reports for RED ONION STATE PRISON after a Emergency Transfer. The actions of defendants B.HUGHES; D.ROSE; C.FRANKS; W.HENSLEY; and L.FLEMING, employees of the Virginia Department of Corrections, agents thereof, did abuse the process concerning the disciplinary hearings the reviewing of Video footage of the incident in question during disciplinary proceedings, and Level-I, appeals process for Cases #1503; #1480; #1481; #1483; and #1485, having these charges Generated, Heard, and appealed too by Walkens Ridge State Prison, also by implementing a EXPOST FACTO tactic from a revised B.O.I. policy that did not come into effect until 2/15/16, causing the Continued use of Segregation Confinement and (resulting in Significant Physical injury) and mental or emotional (Psychological Harm) injury.

CLAIM-X: STATE LAW CLAIM: Wilfull and Wanton NEGLIGENCE: The actions (or inactions) of ALL NAMED DEFENDANTS, use of force on Plaintiff, MR.GARY WALL #1135749, while in a prostrate position while in ALPHA-100 pod, fully restrained, en route to BRAVO-Building, while in BRAVO-Buildings 1,2,&3 Sides Vestibule and while being placed in four-point restraints in Cell-308, also the use of four-point restraints without being Decontaminated, assessed by a nurse or having the restraints checked Causing Significant (Personal) injuries to his face, body, and left wrist and hand. The denial of the review of exculpatory evidence in disciplinary hearings #1503; #1480; #1481; #1483; and #1485, also having these charges heard, Generated, and appealed too by Walkens Ridge State Prison causing mental or emotional (Psychological Harm) injuries.

21. The Plaintiff has no plain, adequate or Complete remedy at Law to redress the wrongs described herein. Plaintiff has been and will Continue to be irreparably injured by the Conduct of the defendants unless this Court GRANTS the declaratory and injunctive relief which Plaintiff seeks:

## VII. PRAYER FOR RELIEF:

WHEREFORE, Plaintiff requests that this Court GRANTS the following:

22. A declaratory that the acts and or Omissions described herein Violated Plaintiff's rights under the Constitution and Laws of the United States.

23. A Preliminary and Permanent injunction Ordering the defendants Virginia Department of Corrections to:
(i) Release the plaintiff from Segregation Confinement and Security Level-"S", Confinement and placed in General Population with restoration of all rights and privileges;

(CONTINUED ON NEXT PAGE)

(16)

cc: file
42 USC § 1983, PETITION
Continuation of: VII. PRAYER FOR RELIEF, paragraph #23, from page: Sixteen

(CONTINUATION OF: VII. PRAYER FOR RELIEF, paragraph #23, from page: Sixteen)
(ii) an immediate G.C.A. Class level and Security level reclassification hearing for appropriate placement;
(iii) The TERMINATION of defendants E. RASNICK; J. HICKS; B. AKERS; T. LARGE; L. COLLINS; S. TAYLOR; D. STILL; and J. WALL, employment from the Virginia Department of Corrections.

24. NOMINAL DAMAGES in the amount of: $1.00 .

25. COMPENSATORY DAMAGES in the amount and character to be proven at trial, against each defendant, jointly and severally for the punishment, including the deprivation of liberty and amenity, and emotional injurys resulting from their denial of DUE PROCESS in connection with plaintiffs disciplinary proceedings by this demand; Plaintiff seeks compensatory damages for the loss of privileges and quality of life in his prison living conditions, and loss of the limited liberty enjoyed by prisoners, resulting from his Segregation Confinement, in that he was Confined for 23 hours a day in a cell for a total of: 45 Days on Disciplinary Segregation, then for approximately 24 Months in Intensive-Management Administrative Segregation being subjected to degrading anal examinations by prison guards everytime Plaintiff leaves his Cell for any reason, including recreation and Showers (within the Segregation Unit) and being deprived of most of his personal property as well as the ability to work, attend Out-door recreation in a Congregate setting with the ability to engage in Sports and Other Congregate recreational activitys, attend meals with other prisoners, attend group religious Services and access the KIOSK. Plaintiff separately and in addition Seeks compensatory damages for the mental or emotional distress resulting from his prolonged Unconstitutional Confinement in Disciplinary and Administrative Segregation without DUE PROCESS of Law, to which he is entitled because of the Physical injuries Sustained in his Beating (use of excessive force) Had Plead Herein.

26. PUNITIVE (EXEMPLARY DAMAGES) in the amount of: $25,000.00 , against each defendant.

27. Plaintiffs Cost in this Suit.

28. Any additional relief this Court deems, just, proper and equitable.

Harry Wall #1133149
C/o Red Onion State Prison
Post Office Box 1900
Pound, Virginia 24279-1900

VERIFICATION

I hereby certify I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged in information and belief, and as to those, I believe them to be true.

EXECUTED AT: POUND, VIRGINIA on August 10th 2017

Harry Wall #1133149
Respectfully submitted

(17)

# CERTIFICATE OF SERVICE

I, MR. GARY WALL #1135749 , hereby certify that on AUGUST 11 th 2017 , I

[name]                                                    [date]

served copies of 42 USC § 1983 PETITION with In Forma Pauperis Form and Attachments (for Exhibits) ( Concerning Excessive force on 8/14/15 )

[name of document]

on the following parties by way of U.S. Mail .

[U.S. mail, UPS, overnight mail, email, fax, courier, etc.]

[List name and address of each attorney\party served]

cc: UNITED STATES DISTRICT COURT, CLERK
of the WESTERN DISTRICT of VIRGINIA
210 FRANKLIN ROAD, S.W. Suite 540
ROANOKE, VIRGINIA 24011-2208

_8/11/17_                          _Gary Wall #1135749_
Date                              Signature

                                CERTIFICATE

STATE OF VIRGINIA
CITY/COUNTY OF: _____

Subscribed and Sworn to before me, this _____ day of _____

_____
NOTARY PUBLIC                                      (Rev 10/03)

MY COMMISSION EXPIRES: _____

R. GARY WALL #1155748

RED ONION STATE PRISON

POST OFFICE BOX 1900

POUND, VIRGINIA 24279-1900

$1.61

(L.)

VA DOC HAS NEITHER CENSORED OR
INSPECTED THIS ITEM. THE DEPARTMENT
DOES NOT ASSUME ANY RESPONSIBILITY
FOR ITS CONTENTS

U.S. POSTAGE >> PITNEY BOWES

ZIP 24279 $ 001.61⁰
02 4W
0000337008 AUG. 15. 2017

TO: UNITED STATES DISTRICT COURT CLERK;
(& the WESTERN DISTRICT of VIRGINIA)
210 FRANKLIN ROAD, S.W. Suite-540
ROANOKE, VIRGINIA 24011-2208

RECEIVED
AUG 15 2017
MAILROOM

"LEGAL MAIL"

24011300009 C009