IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

GARY WALL, #1133749

    Plaintiff,

v.                                CASE NO. 7:17-cv-00385

E. RASNICK, *et al.*,

    Defendants.

## ANSWER TO COMPLAINT AND COUNTERCLAIM OF DEFENDANTS HICKS AND RASNICK

COME NOW Defendants Hicks and Rasnick, by counsel, and submit this Answer with Affirmative Defenses and a Counterclaim seeking compensatory and punitive damages.

## ANSWER AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants deny that the claims in the Complaint are cognizable under the Eighth or Fourteenth Amendments or any section or clause of the United States Constitution or any other federal law or regulation.

### THIRD DEFENSE

Defendants deny that jurisdiction on the Complaint is conferred upon the Court by either 42 U.S.C. § 1983 or the previously cited amendments to the United States Constitution. Further,

Defendants specifically deny that the Court has jurisdiction over any claim which might be construed to state a claim under state law.

## FOURTH DEFENSE

Defendants deny that Plaintiff has suffered any injury or damage as a result of action or omission upon the part of any of these Defendants.

## FIFTH DEFENSE

Defendants allege and aver that, to the extent that the Plaintiff has suffered any injuries or damages, such injuries or damages were caused by others not under the control of these Defendants, and for whose conduct they are in no way responsible.

## SIXTH DEFENSE

Defendants deny that the Plaintiff has suffered the injuries and damages alleged and call for strict proof thereof.

## SEVENTH DEFENSE

Defendants are immune from suit on this claim based upon the Eleventh Amendment and upon the discharge of their official duties.

## EIGHTH DEFENSE

Defendants deny that they are indebted to or liable to Plaintiff in any sum whatsoever.

## NINTH DEFENSE

Defendants are entitled to good faith, quasi-judicial, and/or qualified immunity.

## TENTH DEFENSE

To the extent that Plaintiff has failed to allege any direct involvement on the part of any of the Defendants in any of the acts or omissions complained of, such claims must fail because *respondeat superior* is not available in an action under 42 U.S.C. § 1983.

## ELEVENTH DEFENSE

To the extent that this claim alleges negligence on the part of the Defendants, the claim is barred in this Court by the Eleventh Amendment.

## TWELFTH DEFENSE

To the extent the Plaintiff has not exhausted his administrative remedies, this action is barred, in whole or in part, under 42 U.S.C. § 1997e(a).

## THIRTEENTH DEFENSE

To the extent Plaintiff can make no showing of any physical injury accompanying or preceding any alleged emotional or mental injuries, his claim for monetary damages is barred under 42 U.S.C. § 1997eI.

## FOURTEENTH DEFENSE

This claim is barred, in whole or in part, by the applicable statute(s) of limitations.

## FIFTEENTH DEFENSE

Defendants will rely on any and all other properly available defenses to the Complaint which may arise from Plaintiff's prosecution of this action and reserve their right to amend their answer if at any time they should be so advised.

## SIXTEENTH DEFENSE

As to the specific factual allegations set forth in the Complaint, the Defendants state as follows:

1. Plaintiff Gary Wall is an inmate within the custody of the Virginia Department of Corrections. At all times pertinent to this complaint, Wall was housed at either Red Onion State Prison ("ROSP") or Wallens Ridge State Prison ("WRSP").

2. Defendants were, at all times pertinent to this Complaint, employed by the Virginia Department of Corrections.

3. Defendant Clarke is the Director of the Virginia Department of Corrections, Defendant Ponton is the VDOC Western Regional Operations Chief, Defendant Fleming is the former warden of Wallens Ridge State Prison, and Defendant Barksdale is the former warden of Red Onion State Prison.

4. Defendants Hughes, McCoy, and Church are lieutenants at Wallens Ridge State Prison.

5. Defendant Franks and Hensley are Inmate Hearings Officers at Wallens Ridge State Prison.

6. Defendant Rose is a counselor at Wallens Ridge State Prison.

7. Defendant Still is a Captain at Red Onion State Prison.

8. Defendant Deel is a nurse at Red Onion State Prison.

9. Defendant Lyall is a lieutenant at Red Onion State Prison, Defendant Collins is a unit manager (formerly a lieutenant) at Red Onion State Prison, Defendant Large is a former sergeant at Red Onion State Prison, Defendant Bryant is a sergeant (formerly a corrections officer) at Red Onion State Prison, Defendants Rasnick and Hicks are former corrections officers at Red Onion State Prison, and Defendants Hess, Holbrook, Gwinn, Testerman, Mullins, and Addington are corrections officers at Red Onion State Prison.

10. Defendants Dockery, Bishop, Akers, and Taylor are also former corrections officers at Red Onion State Prison.

11. On August 14, 2015, at approximately 4:05 p.m., the offenders housed on the bottom tier of the A-1 Pod were participating in pod recreation.

12. Defendant Holbrook, who was working as the A-1 control gun officer, saw the Plaintiff cross over the red boundary line and pass something under the door to cell A-106. When Defendant Holbrook ordered the plaintiff to return to his cell, the plaintiff refused, stating, "Fuck you, I ain't gotta do shit."

13. At that point, Defendant Hicks gave the plaintiff several orders to return to his cell, and the plaintiff continued to refuse, stating "fuck you" to Defendant Hicks.

14. The staff ordered the remaining offenders to return to their cells, and those offenders complied.

15. Defendant Hicks and Defendant Rasnick approached the plaintiff for the purpose of restraining him. As Defendant Hicks was placing the plaintiff in handcuffs, he spun around and swing at Defendant Hicks, yelling, "Don't fucking touch me."

16. The plaintiff struck Defendant Hicks, causing Defendant Hicks to sustain a cut above his right eye. Those injuries required sutures to close.

17. Defendants Hicks and Rasnick continued to struggle with the plaintiff, and Defendant Holbrook radioed for assistance.

18. Defendants Lyall and Large responded to the pod, and they helped bring the plaintiff under control.

19. Specifically, after Defendant Large administered a ½ to 1 second burst of OC spray, staff were able to place the plaintiff in handcuffs and leg irons.

20. While the plaintiff was being removed from the pod, he continued to be combative with staff, and he was placed on the floor several times as they continued in their efforts to maintain control over the offender.

21. The plaintiff refused an offer to decontaminate him for OC spray exposure. He was then placed into five-point restraints.

22. Defendants deny each and every allegation not specifically admitted herein.

# COUNTERCLAIM

1. This state-law counterclaim is brought pursuant to Rule 13(a) of the *Federal Rules of Civil Procedure*, and ancillary jurisdiction is vested in this Court under 28 U.S.C. § 1367.

2. Counterclaim-Defendant Gary Wall, #1133749, is an inmate incarcerated at Red Onion State Prison, which is located in Pound, Virginia.

3. On August 14, 2015, Counterclaim-Plaintiff Jason Hicks was a corrections officer employed by the Virginia Department of Corrections, an executive-branch agency of the Commonwealth of Virginia, and assigned to Red Onion State Prison.

4. On August 14, 2015, Counterclaim-Plaintiff Elijah Rasnick was a corrections officer employed by the Virginia Department of Corrections, an executive-branch agency of the Commonwealth of Virginia, and assigned to Red Onion State Prison.

5. On August 14, 2015, at approximately 4:05 p.m., the offenders housed on the bottom tier of the A-1 Pod—including Gary Wall—were participating in pod recreation.

6. Officer Holbrook, who was working as the A-1 control gun officer, saw Gary Wall cross over the red boundary line and pass something under the door to cell A-106. When Officer Holbrook ordered Gary Wall to return to his cell, Wall refused, stating, "Fuck you, I ain't gotta do shit."

7. At that point, Officer Hicks gave Wall several orders to return to his cell, and Wall continued to refuse, stating "fuck you" to Officer Hicks.

8. The staff ordered the remaining offenders to return to their cells, and those offenders complied.

9. Officer Hicks gave Wall an order to proceed to the vestibule, and Wall began to walk in that direction.

10. Officer Hicks then directed Wall to go over to the wall in order to be handcuffed.

11. Wall proceeded to the wall and placed his hands behind his back.

12. Officer Hicks and Officer Rasnick approached Wall for the purpose of restraining him. As Officer Hicks attempted to place Wall in handcuffs, Wall spun around and swung at Officer Hicks, yelling, "Don't fucking touch me."

13. In an effort to regain control, the officers took Wall to the floor.

14. While struggling on the floor, Wall punched Officer Hicks in the right eye, causing it to bleed. Officer Hicks sustained several cuts and abrasions in the struggle, including a cut to his right eyebrow that required sutures to close. He also experienced pain to his right hand and shoulder.

15. While attempting to gain control over Wall, Officer Rasnick sustained an injury when he twisted his right knee. He experienced pain and swelling to the knee, which required assessment in the emergency room.

16. As corrections officers, Hicks and Rasnick are authorized to touch incarcerated offenders for legitimate security purposes, such as the placement of physical restraints on an offender.

17. Incarcerated offenders are not authorized to touch or otherwise assault corrections officers.

**COUNT ONE: COMMON LAW BATTERY OF OFFICER HICKS**

18. Counterclaim-Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 17, as if fully contained herein.

19. August 14, 2015, Gary Wall forcefully touched Officer Jason Hicks in a rude, insolent, or angry manner, without legal justification or excuse.

20. Under Virginia law, this touching constitutes common law battery.

21. As a direct and proximate result of the unwanted touching, Officer Hicks sustained actual injury and damages, including pain and suffering.

22. At all times, Gary Wall acted maliciously and purposefully, with the intent to inflict physical injury and harm upon Officer Hicks.

23. Wherefore, Counter-Plaintiff Hicks respectfully requests that this Court enter judgment against Counter-Defendant Wall on the claim of battery, and award a sum of compensatory damages in an amount to be determined at trial, as well as punitive damages in the amount of $20,000, reasonable attorney's fees and costs, and any additional relief the Court may deem appropriate.

**COUNT TWO: COMMON LAW BATTERY OF OFFICER RASNICK**

24. Counterclaim-Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 23, as if fully contained herein.

25. On August 14, 2015, Gary Wall forcefully touched Officer Elijah Rasnick in a rude, insolent, or angry manner, without legal justification or excuse.

26. Under Virginia law, this touching constitutes common law battery.

27. As a direct and proximate result of the unwanted touching, Officer Rasnick sustained actual injury and damages, including pain and suffering.

28. At all times, Gary Wall acted maliciously and purposefully, with the intent to inflict physical injury and harm upon Officer Rasnick.

29. Wherefore, Counter-Plaintiff Rasnick respectfully requests that this Court enter judgment against Counter-Defendant Wall on the claim of battery, and award a sum of compensatory damages in an amount to be determined at trial, as well as punitive damages in the

amount of $20,000, reasonable attorney's fees and costs, and any additional relief the Court may deem appropriate.

### COUNT THREE: COMMON LAW ASSAULT OF OFFICER HICKS

30. Counterclaim-Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 29, as if fully contained herein.

31. On August 14, 2015, Gary Wall engaged in an overt act intended to inflict harm upon Officer Jason Hicks, while Wall had the present ability to inflict such harm.

32. Under Virginia law, this conduct constitutes common law assault.

33. As a direct and proximate result of the assault, Officer Hicks sustained actual injury and damages to his person.

34. At all times, Gary Wall acted maliciously and purposefully, with the intent to inflict physical injury and harm upon Officer Hicks.

35. Wherefore, Counter-Plaintiff Hicks respectfully requests that this Court enter judgment against Counter-Defendant Wall on the claim of assault, and award a sum of compensatory damages in an amount to be determined at trial, as well as punitive damages in the amount of $20,000, reasonable attorney's fees and costs, and any additional relief the Court may deem appropriate.

### COUNT FOUR: COMMON LAW ASSAULT OF OFFICER RASNICK

36. Counterclaim-Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 35, as if fully contained herein.

37. On August 14, 2015, Gary Wall engaged in an overt act intended to inflict harm upon Officer Elijah Rasnick, while Wall had the present ability to inflict such harm.

38. Under Virginia law, this conduct constitutes common law assault.

39. As a direct and proximate result of the assault, Officer Rasnick sustained actual injury and damages to his person.

40. At all times, Gary Wall acted maliciously and purposefully, with the intent to inflict physical injury and harm upon Officer Rasnick.

41. Wherefore, Counter-Plaintiff Rasnick respectfully requests that this Court enter judgment against Counter-Defendant Wall on the claim of assault, and award a sum of compensatory damages in an amount to be determined at trial, as well as punitive damages in the amount of $20,000, reasonable attorney's fees and costs, and any additional relief the Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Hicks and Rasnick demand judgment: (i) dismissing the Complaint in its entirety; (ii) awarding to Defendants reasonable costs and attorney's fees; (iii) awarding Defendants compensatory damages for the state-law claims as alleged in their Counterclaim; (iv) awarding Defendants punitive damages for the state-law claims as alleged in their Counterclaim; and (v) granting such other relief as this Court deems just and proper.

Respectfully submitted,

J. HICKS and E. RASNICK, Defendants/
Counterclaim-Plaintiffs.

By: s/ Margaret Hoehl O'Shea
Margaret Hoehl O'Shea, AAG, VSB #66611
Attorney for named Defendants
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email: moshea@oag.state.va.us

## **CERFIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February, 2018, I electronically filed the foregoing Answer and Counterclaim with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: N/A, and I hereby certify that I have mailed the document by United States Postal Service to the following non-filing user: Gary Wall, #1133749, Red Onion State Prison, P.O. Box 1900, Pound, VA 24279.

      By:    s/ Margaret Hoehl O'Shea
              Margaret Hoehl O'Shea, AAG, VSB #66611
              Attorney for named Defendants
              Criminal Justice & Public Safety Division
              Office of the Attorney General
              202 North 9th Street
              Richmond, Virginia 23219
              (804) 225-2206
              (804) 786-4239 (Fax)
              Email: moshea@oag.state.va.us