IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
**Roanoke Division**

GARY WALL, #1133749

    Plaintiff,

v.                                    CASE NO. 7:17-cv-00385

E. RASNICK, *et al.*,

    Defendants.

## ANSWER TO SECOND AMENDED COMPLAINT

COME NOW Defendants Clarke, Ponton, Fleming, Barksdale, Hughes, McCoy, Church, Franks, Hensley, Rose, Still, Deel, Lyall, Collins, Large, Hess, Holbrook, Gwinn, Testerman, Bryant, Mullins, Addington, Akers, Dockery, Bishop, Taylor, Hicks, and Rasnick,[1] by counsel, and Answer the Second Amended Complaint (ECF No. 41) as follows:

FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

---

[1] The factual and legal allegations in the Second Amended Complaint (ECF No. 41) do not substantively vary from those presented in the initial complaint (ECF No. 1). Nevertheless, in accordance with Rule 15(a)(1)(3), Defendants are submitting this Answer to the Second Amended Complaint. Also, Defendants Hicks and Rasnick note that courts within the Fourth Circuit, including this Court, have held that there is no need to reassert counterclaims in an answer to an "amended" complaint. *See Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth.*, No. 4:10cv00007, 2012 U.S. Dist. LEXIS 6995, at *55 n.9 (W.D. Va. Jan. 23, 2012); *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 706 (D. Md. 2011); *see also Performance Sales & Mktg. LLC v. Lowe's Cos.*, No. 5:07cv00140, 2013 U.S. Dist. LEXIS 117835, at *11 n.2 (W.D.N.C. Aug. 20, 2013). To the extent it might be deemed necessary, however, Defendants Hicks and Rasnick expressly incorporate by reference all factual allegations and legal claims presented in their Counterclaim (ECF No. 29), as if those allegations were fully set forth in this pleading.

## SECOND DEFENSE

Defendants deny that the claims in the Second Amended Complaint are cognizable under the Eighth or Fourteenth Amendments or any section or clause of the United States Constitution or any other federal law or regulation.

## THIRD DEFENSE

Defendants deny that jurisdiction over the Second Amended Complaint is conferred upon the Court by either 42 U.S.C. § 1983 or the previously cited amendments to the United States Constitution. Further, Defendants specifically deny that the Court has jurisdiction over any claim which might be construed to state a claim under state law.

## FOURTH DEFENSE

Defendants deny that Plaintiff has suffered any injury or damage as a result of action or omission upon the part of any of these Defendants.

## FIFTH DEFENSE

Defendants allege and aver that, to the extent that the Plaintiff has suffered any injuries or damages, such injuries or damages were caused by others not under the control of these Defendants, and for whose conduct they are in no way responsible.

## SIXTH DEFENSE

Defendants deny that the Plaintiff has suffered the injuries and damages alleged and call for strict proof thereof.

## SEVENTH DEFENSE

Defendants are immune from suit on this claim based upon the Eleventh Amendment and upon the discharge of their official duties.

## EIGHTH DEFENSE

Defendants deny that they are indebted to or liable to Plaintiff in any sum whatsoever.

## NINTH DEFENSE

Defendants are entitled to good faith, quasi-judicial, and/or qualified immunity.

## TENTH DEFENSE

To the extent that Plaintiff has failed to allege any direct involvement on the part of any of the Defendants in any of the acts or omissions complained of, such claims must fail because *respondeat superior* is not available in an action under 42 U.S.C. § 1983.

## ELEVENTH DEFENSE

To the extent that this claim alleges negligence on the part of the Defendants, the claim is barred in this Court by the Eleventh Amendment.

## TWELFTH DEFENSE

To the extent the Plaintiff has not exhausted his administrative remedies, this action is barred, in whole or in part, under 42 U.S.C. § 1997e(a).

## THIRTEENTH DEFENSE

To the extent Plaintiff can make no showing of any physical injury accompanying or preceding any alleged emotional or mental injuries, his claim for monetary damages is barred under 42 U.S.C. § 1997e(e).

## FOURTEENTH DEFENSE

This claim is barred, in whole or in part, by the applicable statute(s) of limitations.

## FIFTEENTH DEFENSE

Defendants will rely on any and all other properly available defenses to the Second Amended Complaint which may arise from Plaintiff's prosecution of this action and reserve their right to amend their answer if at any time they should be so advised.

## SIXTEENTH DEFENSE

As to the specific factual allegations set forth in the Second Amended Complaint, the Defendants state as follows:

1. Plaintiff Gary Wall is an inmate within the custody of the Virginia Department of Corrections. At all times pertinent to this complaint, Wall was housed at either Red Onion State Prison ("ROSP") or Wallens Ridge State Prison ("WRSP").

2. Defendants were, at all times pertinent to this Complaint, employed by the Virginia Department of Corrections.

3. Defendant Clarke is the Director of the Virginia Department of Corrections, Defendant Ponton is the VDOC Western Regional Operations Chief, Defendant Fleming is the former warden of Wallens Ridge State Prison, and Defendant Barksdale is the former warden of Red Onion State Prison.

4. Defendants Hughes, McCoy, and Church are lieutenants at Wallens Ridge State Prison.

5. Defendant Franks and Hensley are Inmate Hearings Officers at Wallens Ridge State Prison.

6. Defendant Rose is a counselor at Wallens Ridge State Prison.

7. Defendant Still is a Captain at Red Onion State Prison.

8. Defendant Deel is a nurse at Red Onion State Prison.

9. Defendant Lyall is a lieutenant at Red Onion State Prison, Defendant Collins is a unit manager (formerly a lieutenant) at Red Onion State Prison, Defendant Large is a former sergeant at Red Onion State Prison, Defendant Bryant is a sergeant (formerly a corrections officer) at Red Onion State Prison, Defendants Rasnick and Hicks are former corrections officers at Red Onion State Prison, and Defendants Hess, Holbrook, Gwinn, Testerman, Mullins, and Addington are corrections officers at Red Onion State Prison.

10. Defendants Dockery, Bishop, Akers, and Taylor are also former corrections officers at Red Onion State Prison.

11. On August 14, 2015, at approximately 4:05 p.m., the offenders housed on the bottom tier of the A-1 Pod were participating in pod recreation.

12. Defendant Holbrook, who was working as the A-1 control gun officer, saw the Plaintiff cross over the red boundary line and pass something under the door to cell A-106. When Defendant Holbrook ordered the plaintiff to return to his cell, the plaintiff refused, stating, "Fuck you, I ain't gotta do shit."

13. At that point, Defendant Hicks gave the plaintiff several orders to return to his cell, and the plaintiff continued to refuse, stating "fuck you" to Defendant Hicks.

14. The staff ordered the remaining offenders to return to their cells, and those offenders complied.

15. Defendant Hicks and Defendant Rasnick approached the plaintiff for the purpose of restraining him. As Defendant Hicks was placing the plaintiff in handcuffs, he spun around and swing at Defendant Hicks, yelling, "Don't fucking touch me."

16. The plaintiff struck Defendant Hicks, causing Defendant Hicks to sustain a cut above his right eye. Those injuries required sutures to close.

17. Defendants Hicks and Rasnick continued to struggle with the plaintiff, and Defendant Holbrook radioed for assistance.

18. Defendants Lyall and Large responded to the pod, and they helped bring the plaintiff under control.

19. Specifically, after Defendant Large administered a ½ to 1 second burst of OC spray, staff were able to place the plaintiff in handcuffs and leg irons.

20. While the plaintiff was being removed from the pod, he continued to be combative with staff, and he was placed on the floor several times as they continued in their efforts to maintain control over the offender.

21. The plaintiff refused an offer to decontaminate him for OC spray exposure. He was then placed into five-point restraints.

22. Defendants deny each and every allegation not specifically admitted herein.

Respectfully submitted,

CLARKE, PONTON, FLEMING, BARKSDALE, HUGHES, MCCOY, CHURCH, FRANKS, HENSLEY, ROSE, STILL, DEEL, LYALL, COLLINS, LARGE, HESS, HOLBROOK, GWINN, TESTERMAN, BRYANT, MULLINS, ADDINGTON, DOCKERY, AKERS, TAYLOR, BISHOP, HICKS, and, RASNICK, Defendants.

By: s/ Margaret Hoehl O'Shea
Margaret Hoehl O'Shea, AAG, VSB #66611
Attorney for named Defendants
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email: moshea@oag.state.va.us

## **CERFIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2018, I electronically filed the foregoing Answer to Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: N/A, and I hereby certify that I have mailed the document by United States Postal Service to the following non-filing user: Gary Wall, #1133749, Red Onion State Prison, P.O. Box 1900, Pound, VA 24279.

By: s/ Margaret Hoehl O'Shea
Margaret Hoehl O'Shea, AAG, VSB #66611
Attorney for named Defendants
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email: moshea@oag.state.va.us