IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

GARY WALL, #1133749

    Plaintiff,

v.                           CASE NO.  7:17-cv-00385

E. RASNICK, *et al.*,

    Defendants.

## DEFENDANTS' RESPONSE TO COURT ORDER
## GRANTING PLAINTIFF'S MOTION TO COMPEL

Defendants Clarke, Ponton, Fleming, Barksdale, Hughes, McCoy, Church, Franks, Hensley, Rose, Still, Deel, Lyall, Collins, Large, Hess, Holbrook, Gwinn, Testerman, Bryant, Mullins, Addington, Akers, Docery, Bishop, and Taylor, and Defendants/Counter-Plaintiffs Hicks and Rasnick, (collectively, "Defendants"), by counsel, respond to this Court's discovery order of October 24, 2018, as follows:

    1.    On June 18, 2018, Plaintiff Gary Wall filed a "Motion to Compel 'Specific' Requested Discovery," listing various items that he believed had not been produced to him. (ECF No. 52)

    2.    By order dated October 24, 2018, this Court granted the motion, in part, and denied the motion, in part, ordering the Defendants to produce certain listed items within 14 days of the date of entry of the order.

    3.    In response to the Court Order, Defendants certify as follows:

        a.    Plaintiff requested various rapid-eye and hand-held video footage from August 14, 2015. As reflected on the Acknowledgment form attached to this

    response as Exhibit 1, the Plaintiff reviewed all available retained video footage on May 22, 2018. Defendants are unaware of any other retained video footage from that date that has not already been made available to the Plaintiff.

b. The Plaintiff requested "still pictures" of his injuries "taken at W.R.S.P." By discovery response dated May 16, 2018, Defendants produced six still photographs of the Plaintiff. Defendants are unaware of any additional photographs responsive to this request, and if those photographs exist, they are not within these Defendants' custody or control.

c. The Plaintiff requested "x-rays" of his "left hand, wrist, and head injuries." Defendants are not in possession of any x-ray images. However, the results of the Plaintiff's x-rays were provided to him by discovery response dated July 10, 2018.

d. The Plaintiff requested "Investigative Report #150423RED video footage with Report." Defendants are not certain what is being requested. A redacted copy of the investigative report was provided to the Plaintiff by discovery response dated May 16, 2018. With respect to the video footage, any retained video footage was made available to the Plaintiff for viewing on May 22, 2018. To the best of their information and belief, Defendants have provided the Plaintiff with an opportunity to review any video footage that would be encompassed by this request.

e. The Plaintiff requested "pages 2 and 4" of his "written statement." Defendants believe the Plaintiff is requesting a portion of the handwritten

    statement that he provided to the Special Investigations Unit ("SIU"), and that is attached to the resulting SIU Report, 150423RED.  The hard copy of the SIU report that is in the custody of counsel for the Defendants does not contain handwritten pages, within Mr. Wall's statement, numbered "2" or "4." Rather, the copy in the possession of counsel for the Defendants has pages marked "1," "3," and "5," and that appear to reference material written on the backs of those pages.  Counsel has requested that the SIU investigator locate the original written statement from Mr. Wall, so that counsel can verify whether there is information written on the back of the pages that was not photocopied when the SIU report was originally provided to counsel.  If that material exists, it will then be provided to counsel for the Defendants and, from there, to Mr. Wall.  Because counsel is still attempting to obtain this information from the SIU investigator, it is not presently within the custody of these Defendants and, therefore, cannot be provided within the time frame identified in the Court order.  To the extent that an extension of time is needed to avoid violating the Court order, counsel requests an additional seven (7) days to obtain and provide this information to Mr. Wall.

f. The Plaintiff has requested notice of ICA hearing forms for 8/14/15 and 8/27/15.  Counsel certifies that the requested documents have been provided to Mr. Wall.

g. The Plaintiff has requested grievances "00428" and "00029."  Grievance documents corresponding to grievance ROSP-15-REG-00428 were provided to the Plaintiff by discovery response dated July 10, 2018.  Counsel certifies

        that grievance documents corresponding to grievance ROSP-15-REG-00029 have now been provided to Mr. Wall as well.

    h. The Plaintiff has requested "disciplinary actions while employed with DOC of: B. Akers, T. Large, E. Rasnick, L. Collins, S. Taylor, D. Still, and J. Hicks." Defendants timely objected to this discovery response on the grounds that it was overbroad, not reasonably tailored to the issues raised by this case, sought documents not within the custody or control of these Defendants, and because complete compliance would be overly burdensome on these Defendants. Defendants further objected on the grounds that any disciplinary actions unrelated to the subject matter of this case would be irrelevant and therefore fall outside the scope of discovery permitted under Rule 26 of the *Federal Rules of Civil Procedure*. Because Defendants timely and properly objected to the discovery request, Defendants respectfully request that this Court reconsider this aspect of the order. Defendants specifically object to providing confidential personnel information to an incarcerated *pro se* offender that is irrelevant to the issues being tried in this case. Defendants note that they would be willing to provide disciplinary information from the Defendants' personnel files, to the extent any disciplinary information might exist, to the Court for purposes of *in camera* review, so that the Court could better assess whether the Plaintiff is entitled to this information.

4. With the exception of the handwritten pages from the Plaintiff's SIU statement, which have not yet been provided to counsel for the Defendants, and the disciplinary

information, which is subject to an objection by Defendants, counsel for the Defendants hereby certifies to the Court that Defendants have otherwise complied with this Court's order of October 24, 2018.

        Respectfully submitted,

        CLARKE, PONTON, FLEMING, BARKSDALE, HUGHES, MCCOY, CHURCH, FRANKS, HENSLEY, ROSE, STILL, DEEL, LYALL, COLLINS, LARGE, HESS, HOLBROOK, GWINN, TESTERMAN, BRYANT, MULLINS, ADDINGTON, DOCKERY, AKERS, TAYLOR, and BISHOP, Defendants.

        AND

        HICKS and RASNICK, Defendants/Counter-Plaintiffs.

By:    s/ Margaret Hoehl O'Shea
        Margaret Hoehl O'Shea, AAG, VSB #66611
        Attorney for named Defendants
        Criminal Justice & Public Safety Division
        Office of the Attorney General
        202 North 9th Street
        Richmond, Virginia 23219
        (804) 225-2206
        (804) 786-4239 (Fax)
        Email: moshea@oag.state.va.us

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 7th day of November, 2018, I electronically filed the foregoing Response to Court Order with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF participants: N/A, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Gary Wall, #1133749, Red Onion State Prison, P.O. Box 1900, Pound, VA 24279.

By: s/ Margaret Hoehl O'Shea
   Margaret Hoehl O'Shea, AAG, VSB #66611
   Attorney for Defendants / Counter-Plaintiffs
   Criminal Justice & Public Safety Division
   Office of the Attorney General
   202 North 9th Street
   Richmond, Virginia 23219
   (804) 225-2206
   (804) 786-4239 (Fax)
   Email: moshea@oag.state.va.us