IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
12/28/2018
JULIA C. DUDLEY, CLERK
BY: s/ S. SAKALAS
DEPUTY CLERK

name: MR. GARY WALL
number: 1133749
Place of Confinement: Red Onion State Prison,
Post Office Box 1900, Pounds, Virginia 24279-1900

dated: December 19th 2018

MR. GARY WALL #1133749
Plaintiff
v.
E. RASNICK, Correctional Officer of R.O.S.P., et allii;
defendant(s)

Civil action no. 7:17-cv-00385

IN RE: MOTION FOR HOLDING OF SPOLIATION SANCTIONS BY DEFENDANTS FOR ASSOCIATED RELIEF

Now comes Mr. Gary Wall #1133749, pro se, Plaintiff moves this Honorable Court for MOTION FOR HOLDING OF SPOLIATION SANCTIONS BY DEFENDANTS FOR ASSOCIATED RELIEF, because Defendants have failed to fully comply with the 10/24/18, ORDER to provide Plaintiff pages "2", and "4", of written statement, the review of the video footage ORDERED by this Court in ¶ 6, of Pl.'s First Request For Production of Documents on record as ECF. no. 43, or Pl.'s MOTION TO COMPEL "SPECIFIC" DISCOVERY on record as ECF. no. 52, and the ALTERATION of the available ALPHA-100 pods RAPID-EYE Video footage showed to Plaintiff on or about May 22nd 2018, also because Defendants have failed to preserve "Specifically" Requested Electronically Stored information in Clear Violation of FEDERAL RULES OF CIVIL PROCEDURE, RULE 37(e), after the Duty to preserve was triggered. THEREFORE, Plaintiff's MOTION and Sanctions SHOULD be GRANTED.

In accordance with Operational Procedure 866.1 IV B #7(c), and the 9/25/14, Memorandum (see: attached #1) also Grievance #00420 (see: attached #2) Clearly informed Defendants to save Specific Video footage (Referenced in 2 Grievances) for future litigation purposes, triggering the Duty to preserve as stated in Pl.'s AFF. at ¶ 1&8.
Plaintiff's First Request For Production of Documents at ¶ 6, on record as ECF. no. 43, and Plaintiff's MOTION TO COMPEL "Specific" Discovery on record as ECF. no. 52, Specifically Requested the following Documents and Video footage be produced for inspection:

- ALPHA Buildings Front Recreation yards (Rapid-Eye) Cameras;
- BRAVO Buildings Recreation yards (Rapid-Eye) Cameras;
- BRAVO Buildings 1, 2, &3 sides Vestibule Cameras;
- BRAVO Buildings Cell 308's Cell Camera;

(CONTINUED ON NEXT PAGE)

(1) (page: one of: 6)

(CONTINUATION OF PAGE: ONE)
- Any hand held "SONY" Camera footage Showing Removal from five-point restraints by W.R.S.P. and/or R.O.S.P. on 8/14/15, of G. Wall #1133749
- Pages "2", and "4", of Plaintiff's written Statement on 8/24/15.

Concerning the 8/17/15, incident on Red Onion State Prison in ALPHA-100, pod at approx. 4:00 PM - 5:00 PM involving Offender G. Wall #1133749.

Defendants' Response to Pl.'s First R.F.P.D. on record as ECF. no. ___, at ¶ 2 & 6, (dated: May 16, 2018), and their Response to Pl.'s MOTION TO COMPEL on record as ECF. no. ___, at ¶ 3(a)(b)(c) (dated: November 7th 2018) Clearly Shows defendants DID NOT Save any of the above mentioned Video footage or provide it for Plaintiffs' inspection in accordance with the OCTOBER 24th 2018 Court ORDER on record as ECF. no. 60, nor did they provide pages "2", and "4", of Plaintiffs' written Statement on 8/24/15, as Stated in Pl.'s Aff.: at ¶ 6, attached.

In the Motion before this Court, Plaintiff Contends the ALTERATION of the available Video footage, as Stated in Pl.'s Aff.: at ¶ 4, and the failure to preserve the above listed Video footage, is Clearly equivalent to the destruction of the automobile in Silvestri, "The law views BOTH ALTERATION of evidence and the FAILURE TO PRESERVE evidence as Spoliation." (see: Silvestri, 271 F.3d at 590) "Spoliation Refers to the destruction or Material alteration of evidence or the failure to preserve property for another's use as evidence in pending or Reasonably foreseeable litigation.")

Since the defendants alleged Plaintiff assaulted Two (2) Correctional Officers and Sought Criminal Charges, defendants SHOULD HAVE Reasonably anticipated (Criminal and Civil) litigation Regarding this incident as Stated in Pl.'s Aff.: at ¶ 2 & 8, attached.

Plaintiff has presented Sufficient evidence to support that the Spoliators' Conduct was So egregious as to amount to a forfeiture of the defendants' Counter-Claim(s) or Defenses and the effect of the Spoliators' Conduct was So irreparably prejudicial that it Substantially denied the plaintiff to the ability to ~~prove~~ Defend against or prosecute his Case adequately by being unable to Clearly Show the following:
- Plaintiff DID NOT Cause the injury to Officer Hicks' eye by punching or Swinging a punch at either Officer;

(CONTINUED ON NEXT PAGE)

(2) (page: Two of: 6)

(Continued from page Two)

- Plaintiff was NOT Resistant while en Route to BRAVO-Building to Warrant the Continued use of "Physical" force or being Strapped Down in five-point Restraints;

- Plaintiff was Continuously BEAT and Rammed into poles and Door frames Head-first by Escorting Officers while en Route to Bravo-Building and into Bravo 1, 2, &3 Vestibule

and by concomitantly prejudicing Plaintiff's ability to present (or access too) the "Sole piece of material evidence, although the NAMED Defendants had no Obligation to 'personally' preserve the Video and "Sanctions are most appropriately directed at the party having Control over the evidence, who had 'an Obligation to preserve it at the time it was destroyed." (See Residential Funding Corp., v. DeGeorge Fin. Corp; 306 F.3d 99, 107 (2nd Cir. 2002)) This Spoliation of the Video none the less Severely prejudices Plaintiff's ability to prove his Defense or adequately prosecute the underlieing Claim(s) of:

- Plaintiff initially being assaulted by Defendant E. Resnick;
- Plaintiff being assaulted Responding Officers T. Large and J. Lyall. while face-down, Restrained; and
- Continuously being assaulted while fully Restrained en Route to Bravo-Building and while in Bravo-Buildings 1, 2, &3's Vestibule by Responding Officers

## II. AFFIDAVIT IN SUPPORT OF MOTION FOR HOLDING OF SPOLIATION SANCTIONS BY DEFENDANTS

I, Mr. Gary Wall #1133749, affirm affiam that I am the Plaintiff in this action and I know the Content of the following Statements; that they are true of my own knowledge, except to those matters that are Stated in it to be based on my own information and Belief; and to those matters, I also believe them to be true. I declare under penalty of perjury that the following Statements are true and Correct:

(CONTINUED ON NEXT PAGE)

re: file
MOTION FOR HOLDING OF SPOLIATION SANCTIONS BY DEFENDANTS FOR ASSOCIATED RELIEF
Continuation of: II. AFFIDAVIT IN SUPPORT OF MOTION, from page Three.

(Continuation of: II. AFFIDAVIT IN SUPPORT OF MOTION, from page Three)

1. Affiant declares, the Duty to preserve was triggered according to Operational procedure 866.1 VI 3 #7(c), and the attached # __1__, Memorandum dated: 9/15/14, which clearly states: "If a Grievance is received that References a Specific ... Video Recording, a Copy of the Recording Shall be made and maintained at the facility" (see: attached # __1__)

2. Affiant declares, Plaintiff Submitted Grievance #00423, on or about 9/13/15, detailing "Specific" Referenced Video footage of ALPHA-Buildings Front Recreation Yard Cameras; BRAVO-Buildings Rec. yard Cameras; BRAVO-1, 2, & 3 Sides Vestibule Camera; BRAVO-Buildings Cell-308's Cell Camera; and any Hand-Held "Sony" Cameras footage Showing Removal from Five-point Restraints by W.R.S.P. and/or R.O.S.P. on 8/14/15, of G.W411 #1133749, that was Received and Logged by R.O.S.P.'s Grievance Department on 10/20/15, (see: attached # __2__) well within the 90 day time-frame Rapid-Eye Security Camera footage is Stored.

3. Affiant declares, Defendants Should have anticipated future litigation because as early as August 19th 2015, Special Investigative Unit was Notified for possible Criminal Charges Concerning the 8/14/15, incident.

4. Affiant declares, the Video Footage provided for Review on May 22nd 2018, of ALPHA-10C, pods DVR Rapid-Eye Camera of the 8/14/15, incident was noticeably Different from the Video footage provided with the S.I.U. Investigative Report (Case # 150423RED) and the WISE County Circuit Court's Case # F16-55-00, and F16-55-01, for Two(2) Counts of Violation of Virginia Code § 18.2-57(c), against Plaintiff, Reviewed by him on March 27th 2016, to prepare for a Criminal Trial; by the Video footage Reviewed by Plaintiff on 5/22/18, Clearly DID NOT SHOW ANY footage of myself or either Officer were going to the ground; as a matter of Fact, this footage Showed on 5/22/18, next frame Showed me Laying face-down (no Resistance) with Several Officers (Sgt. T. Zonge & LT. J. LYALL) around me as other Responding Officers arrived (entered the pod) leading me to Believe this footage was ALTERED/EDITED and Since None of this Video footage Contained any form of "Time Sequence" the footage Shown was not a Continuous or Connected...

(CONTINUED ON NEXT PAGE)

(4) (page: four of: __6__)

cc: file
Case 7:17-cv-00385-JPJ-PMS   Document 77   Filed 12/28/18   Page 5 of 6   Pageid#: 299

MOTION FOR HOLDING OF SPOLIATION SANCTIONS BY DEFENDANTS FOR ASSOCIATED RELIEF
Continuation of: II. AFFIDAVIT IN SUPPORT OF MOTION, from paragraph #5, page: four

(CONTINUATION OF: II. AFFIDAVIT IN SUPPORT OF MOTION, paragraph #5, from page: four) Series of events as alleged by either party on the video footage on record with the WISE COUNTY CIRCUIT CLERK for Case #F16-55-00, and F16-55-01.

6. Affiant declares, Defendants' Response to Plaintiffs' First Request for Production of Documents (dated: May 16th 2018) at paragraph #2 and #6, and their Response to Plaintiffs' Motion to COMPELL (dated: November 7th 2018) at paragraphs #3(a), (b) & (d), Clearly shows Defendants DID NOT SAVE any of the Rapid-Eye Video footage of:
- ALPHA-Building's Front Recreation Yard at appax. 4:00-5:00pm;
- BRAVO-Building's Recreation Yard at appax. 4:00-5:00pm;
- BRAVO-Building's 1,2,&3 sides Vestibule at appax. 4:00-5:00pm;
- BRAVO-Building's Cell 308's Cell Camera at appax. 4:00-5:00pm;
- Any Hand-held "SONY" Camera footage showing REMOVAL from five-point Restraints by W.R.S.P. and/or R.O.S.P. on 8/19/15, of G. Wall #1133149 and;
- Pages "2," and "4," of Plaintiffs' written Statement on 8/20/15.

nor was any of this provided for inspection by Plaintiff in accordance with the October 24th 2018, Court ORDER on record as ECF. no. 60.

7. Affiant declares, Plaintiff has been irreparably prejudiced, that it has Substantially DENIED him the ability to adequately defend against the Counter-Claims or prosecute his case adequately by being unable to clearly show Plaintiff DID NOT Cause the injury to Officer J. Hicks' Right eye by punching him as alleged nor did Plaintiff at any time Swing a punch at either Officer, Plaintiff was NOT Resistant while en route to BRAVO-Building to warrant the continued use of force or being strapped down in five-point Restraints, and that Plaintiff was Continuously Beat and RAMMED into poles, walls, and Door frames head-first by escorting officers while en route to BRAVO-Building and while in BRAVO-1,2, &3 Sides Vestibule.

8. Affiant declares, Defendants should have Reasonably known that the evidence in the video footage Request would be Relevant to any (Criminal or Civil) anticipated litigation.

dated: 12/19/18

Garry Wall #1133149
(CONTINUED ON NEXT PAGE)

(5) (page five of: 6)

(CONTINUATION OF: II. AFFIDAVIT IN SUPPORT OF MOTION, from page five)

STATE OF VIRGINIA
County of: Wise, to-wit:

Subscribed and Sworn to before me, a NOTARY PUBLIC, on this 20 day of December 2018.

_____
Notary Public

MY COMMISSION EXPIRES: 8/31/2021

[Seal: JOSHUA GILLIAM, NOTARY PUBLIC, REG. #7728049, MY COMMISSION EXPIRES 8/31/2021, COMMONWEALTH OF VIRGINIA]

* The above named Notary is NOT a party to this action: Yancy Wall #1733749

### III. ASSOCIATED RELIEF SOUGHT

WHEREFORE, Plaintiff humbly Request this Court to GRANT the Sanctions against the Defendants in the form of:

(i) Forfeiture of the Defendants Claims and/or Defenses;

(ii) Issuing a Series of "fact-specific" adverse jury instruction(s) at Trial that Video footage had been captured depicting the incident that occurred on 8/14/15, at approx. 4:30-5:00pm and that Defendants DESTROYED or ALTERED the Video after it was Reviewed Despite of having a legal duty NOT to and the jury is free to draw inferences from that fact about the contents of the Video, but not required to;

(iii) Precluding any evidence or Contention at trial that the Contents of the Video Corroborated the Defendants' Version of events;

(iv) Precluding any evidence or argument that Officer J Hicks and/or E. Resnick were performing their duties during the incident on AUGUST 15th 2015, in accordance with their training or VDOC's policy and procedure. Concerning Giving Directives, to an Offender or the use of force and;

(v) Judgement in the Plaintiff's favor, whichever this Court deems appropriate

dated: 12/14/18

Yancy Wall #1733749
Respectfully Submitted

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of DECEMBER, 2018, I mailed a copy of the foregoing MOTION FOR HOLDING OF SPOLIATION SANCTIONS BY DEFENDANTS FOR ASSOCIATED RELIEF w/AFFIDAVIT IN SUPPORT OF MOTION; to Respondence: UNITED STATES DISTRICT COURT CLERK; 210 Franklin Road, S.W. Suite 540, ROANOKE, VIRGINIA 24011-2208 by First Class mail.

Yancy Wall #1733749
Respectfully Submitted

(6) (Page Six of 6)