**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

GARY WALL, #1133749

      Plaintiff,

v.                               CASE NO.  7:17-cv-00385

E. RASNICK, *et al.*,

      Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

      Defendants Clarke, Ponton, Fleming, Barksdale, Hughes, McCoy, Church, Franks, Hensley, Rose, Still, Deel, Lyall, Collins, Large, Hess, Holbrook, Gwinn, Testerman, Bryant, Mullins, Addington, Akers, Docery, Bishop, and Taylor, and Defendants/Counter-Plaintiffs Hicks and Rasnick, (collectively, "Defendants"), by counsel, respond to the Plaintiff's Requests for Production of Documents (ECF No. 43-02), as follows:

      1.      All documents that contain, mention, construe, or refer to policies on staffs' use of force and four point restraints in the Virginia Department of Corrections, to include, but not limited too:  Operational Procedures: 420.2 (Security) Use of Restraints

                              030.1:  Evidence Collection and Preservation

                              030.4:  Special Investigations Unit, and

                              135.1:  Officers Code of Conduct

                              038.1, Reporting Serious Incidents

                              160.2:  Training and Development

                                                            Exhibit A

**RESPONSE:** Defendants object to this request as overbroad, vague, on the grounds that complete compliance would pose an undue burden on the Defendants, and on the grounds that the request is disproportionate to the needs of this litigation. Searching for and producing "all documents" referencing VDOC use-of-force and restraint technique policies, without any temporal constraints or other practical limitations, would pose a burden that is not justified by the needs of this particular case. Defendants further note that several of the referenced operating procedures (such as the procedure governing the special investigations unit, collection of evidence, and officer standards of conduct) have no conceivable relevance or likelihood of relevance to this litigation. Subject to these objections, and without waiving the same, Defendants identify, but are not producing, the following operating procedures, which are restricted access security operations procedures and other operating procedures that, for security purposes, are not available to incarcerated offenders:

- VDOC Operating Procedure 420.1, *Use of Force*

- VDOC Operating Procedure 420.2, *Use of Restraints and Management of Offender Behavior*.

- VDOC Operating Procedure 030.1, *Evidence Collection and Preservation*

- VDOC Operating Procedure 030.4, *Special Investigations Unit*

- VDOC Operating Procedure 135.1, *Standards of Conduct*

- VDOC Operating Procedure 038.1, *Reporting Serious or Unusual Incidents*

- VDOC Operating Procedure 350.2, *Training and Development*

If so ordered, Defendants may provide copies of these operating procedures, if deemed relevant and appropriate, to the Court for purposes of *in camera* review.

2.  All documents that evidence, mention, or refer to the altercation on August 14th 2015, in Alpha-100 pod, at Red Onion State Prison involving Offender G. Wall #1133749, including but not limited too:

Medical Records

Investigative Report Case file #150423RED (to include Rapid-Eye Video footage)

Criminal Case file #195CR16F0055-00, and 01, in the WISE COUNTY CIRCUIT COURT

Internal Incident Reports ROSP-2015-00965, ROSP-2015-00968, ROSP-2015-00981, ROSP-2015-00966, ROSP-2015-00969, ROSP-2015-00932, ROSP-2015-00967, ROSP-2015-00980, ROSP-2015-00983.

Any other investigative materials and documents relating to the subsequent inmate and staff discipline, if any.

**RESPONSE:** The following materials are being provided with this response:

1.  Incident Report ROSP-2015-00126

2.  Internal Incident Report IIR-ROSP-2015-000964

3.  Internal Incident Report IIR-ROSP-2015-000965

4.  Internal Incident Report IIR-ROSP-2015-000966

5.  Internal Incident Report IIR-ROSP-2015-000967

6.  Internal Incident Report IIR-ROSP-2015-000968

7.  Internal Incident Report IIR-ROSP-2015-000969

8.  Internal Incident Report IIR-ROSP-2015-000970

9.  Internal Incident Report IIR-ROSP-2015-000971

10. Internal Incident Report IIR-ROSP-2015-000972

11. Internal Incident Report IIR-ROSP-2015-000973

12. Internal Incident Report IIR-ROSP-2015-000975

13.  Internal Incident Report IIR-ROSP-2015-000978

14.  Internal Incident Report IIR-ROSP-2015-000979

15.  Internal Incident Report IIR-ROSP-2015-000980

16.  Internal Incident Report IIR-ROSP-2015-000981

17.  Internal Incident Report IIR-ROSP-2015-000982

18.  Internal Incident Report IIR-ROSP-2015-000983

19.  Internal Incident Report IIR-WRSP-2015-000906

20.  Internal Incident Report IIR-WRSP-2015-000907

21.  Inmate Accident/Injury Report Form (15-0249)

22.  Inmate Accident/Injury Report Form (15-0251)

23.  Disciplinary Offense Report ROSP-2015-1485 and associated disciplinary
     hearing and appeal documents

24.  Disciplinary Offense Report ROSP-2015-1483 and associated disciplinary
     hearing and appeal documents

25.  Disciplinary Offense Report ROSP-2015-1480 and associated disciplinary
     hearing and appeal documents

26.  Disciplinary Offense Report ROSP-2015-1481 and associated disciplinary
     hearing and appeal documents

27.  Disciplinary Offense Report ROSP-2015-1503 and associated disciplinary
     hearing and appeal documents

28.  Disciplinary Offense Report ROSP-2015-1479 (unserved)

29.  ICA Hearing Notification and ICA Hearing Disposition (8/18/15 at WRSP)

30.  ICA Hearing Notification and ICA Hearing Disposition (8/28/15 at WRSP)

31. ICA Hearing Notification and ICA Hearing Disposition (9/1/15 at WRSP)

32. Photographs of plaintiff in restraints (6)

33. Special Investigations Unit Report of Investigation (150423RED) (personal identifiers and information redacted), and attachments:

- Investigative Interview, J. Hicks

- Investigative Interview, E. Rasnick

- Miranda waiver, G. Wall

- Handwritten letter from Wall to SIU

- Investigative Interview, E. Hess

- Investigative Interview, C. Holbrook

- Medical Records, G. Wall (8/14/15)

- Hospital Records, J. Hicks (redacted)

- Hospital Records, E. Rasnick (redacted)

- Internal Incident Reports (11 total)

- Photographs of Officer Hicks (3 pages)

- Photographs of Officer Rasnick (2 pages)

34. Affidavit of L. Fleming, *Wall v. Kiser*, Civil Action No. 7:17cv00066


Defendants identify the following recordings, which will be made available for the Plaintiff's review at the VDOC facility where he is currently housed:

- Audio recording of disciplinary hearing, ROSP-2015-1503

- Audio recording of disciplinary hearing, ROSP-2015-1481

- Audio recording of disciplinary hearing, ROSP-2015-1480

- Audio recording of disciplinary hearing, ROSP-2015-1483

- Audio recording of disciplinary hearing, ROSP-2015-1485

- Handheld Video (8/14/15)

- Rapid Eye Video, A-1 Housing Unit (8/14/15)

Defendants note that, by VDOC policy, the Plaintiff's entire medical file is available for his inspection, upon request, at the VDOC facility where he is currently housed.

Defendants further note that they are not in possession or control of any materials associated with a criminal case file, and any request for those materials would have to be directed to the Wise County Commonwealth Attorney's Office, and/or the clerk of the Wise County Circuit Court.

3. The complete contents of Plaintiff's file from August 13, 2015 and present date of this response, including but not limited to: Operational Procedure 050.3, Facility Release of Offenders (Attachment #8) form; Notice of an ICA Hearing (DOC-11G) form for hearings dated: 8/14/15 and 8/27/15; Formal ICA (DOC 11H) forms for hearings dated 8/17/15 and 9/1/15; and all medical and mental health records (including 8/16/16, x-rays of Plaintiff's left hand, wrist, and head) done at Wallens Ridge State Prison.

**RESPONSE:** Defendants object to this request as vague and overbroad, on the grounds that the VDOC "file" for the Plaintiff would encompass multiple electronic and paper documents, containing materials not at all conceivably related to the subject matter of this suit. Subject to that objection, and without waiving the same, Defendants identify as responsive the material produced in response to Request #2:

- ICA Hearing Notification and ICA Hearing Disposition (8/18/15 at WRSP)

- ICA Hearing Notification and ICA Hearing Disposition (8/28/15 at WRSP)

- ICA Hearing Notification and ICA Hearing Disposition (9/1/15 at WRSP)

As noted previously, by VDOC policy, the Plaintiff's entire medical file is available for his inspection, upon request, at the VDOC facility where he is currently housed.


4. All incident reports that evidence, mention or refer to incidents of staff or offender assault (while fully restrained or in restraints) or the excessive use of force (i.e., use of OC gas, canines and/or four-point restraints) at Red Onion State Prison that have occurred since: August 2013, until present date of this response.

**RESPONSE:** Defendants object to this discovery request on the grounds that it is overbroad, not reasonably tailored to the issues raised by this case, seeks documents not within the custody or control of these Defendants, and because complete compliance with this discovery request would be overly burdensome on Defendants. Use-of-force incidents involving different offenders, different circumstances, and different officers have no conceivable relevance or tie to the facts presented in this litigation.


5. All documents written or created since August 2013 that contain, mention, construe, or refer to any inspection, inquiry, or complaint about the use of excessive force by staff and/or assault by staff on offenders while fully restrained, whether formal or informal, official or unofficial, including inmate, staff, and civilian grievances, complaints petitions or appeals, and including responses to such documents prepared by Red Onion State Prison, the Virginia Department of Corrections, staff or their agents.

**RESPONSE:** Defendants object to this discovery request on the grounds that it is disproportionately overbroad, not reasonably tailored to the issues raised by this case, seeks documents not within the custody or control of these Defendants, lacks relevance to the issues raised in this litigation, and because complete compliance with this discovery request would be overly burdensome on Defendants. Specifically, grievance records for VDOC are maintained at each separate institution, and by individual inmate, rather than by topic or subject. The grievance summaries that are saved in each inmate's electronic grievance record are not searchable by keyword or topic. Accordingly, to fully comply with this discovery request, Defendants would have to manually search the grievance files of every single inmate housed in every VDOC facility, for the preceding five years. This undertaking would take thousands upon thousands of hours to complete. Absent further tailoring, Defendants cannot be reasonably expected to comply with this discovery request.

6.  All other documents, items of sworn or unsworn statements or affidavits that relates to the August 14, 2015, incident or allegations made in the Plaintiff's complaint to include but not limited too: All still pictures of Offender G. Wall taken at ROSP (removal from four-point restraints); all still pictures of offender G. Wall taken at WRSP (upon arrival on 8/14/14); SONY handheld camera footage of offender G. Wall, initial strap-down in four point restraints; SONY handheld camera footage of offender G. Wall, removal from four point restraints, RAPID EYE VIDEO FOOTAGE OF: Alpha-100 pod on 8/14/15 at approx. 4:00 p.m., A&B Boulevard; Bravo-300 pod, Alpha-100 pod, Alpha 1,2,3 vestibule; Bravo 1, 2, & 3 vestibule; Bravo-308 cell (strap down cell) [all from 8/14/15 at approx. 4:00 to 4:45 p.m].

**RESPONSE:** Apart from the documents identified and/or produced in response to the preceding inquiries, Defendants are not in the possession, custody, or control of any additional responsive materials at this time.

Respectfully submitted,

CLARKE, PONTON, FLEMING, BARKSDALE, HUGHES, MCCOY, CHURCH, FRANKS, HENSLEY, ROSE, STILL, DEEL, LYALL, COLLINS, LARGE, HESS, HOLBROOK, GWINN, TESTERMAN, BRYANT, MULLINS, ADDINGTON, DOCKERY, AKERS, TAYLOR, and BISHOP, Defendants.

AND

HICKS and RASNICK, Defendants/Counter-Plaintiffs.

By: _____

Margaret Hoehl O'Shea, AAG, VSB #66611
Attorney for named Defendants
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email: moshea@oag.state.va.us

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2018, I mailed the foregoing Response to Plaintiff's Request for Production of Documents by United States Postal Service to the following: Gary Wall, #1133749, Red Onion State Prison, P.O. Box 1900, Pound, VA 24279.

By: _____
Margaret Hoehl O'Shea, AAG, VSB #66611
Attorney for Defendants / Counter-Plaintiffs
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email: moshea@oag.state.va.us